WOODS v. CLEMENTS.

[75 South. 119, Division B.]

1. MASTER AND SERVANT. *Who are servants.*
   An adult daughter living with her parents as a member of the family is not in the absence of contract, either express or implied, a servant of the parent.

2. SAME.
   To make a person liable in damages for injury inflicted in the operation of an automobile, first, the relation of master and servant must exist, and second, the car must have been used at the time of the injury in the course of the master's business.

APPEAL from the circuit court of Lauderdale county.
HON. W. W. VENABLE, Judge.
On Suggestion of Error, see 74 So. 422.

*Amis & Dunn,* for appellant.

*Neville, Stone & Currie,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

We have read and considered the cases cited by the appellee in the suggestion of error which were not contained in the original brief, but we do not think these cases militate against the views expressed in the original opinion. In all of these cases the principle was recognized by the courts that to make a person liable in damages for injury inflicted in the operation of an automobile that the relation of master and servant must exist; and, second, that the car must have been used at the time of the injury in the course of the master's business. The sons and daughters referred to in the cases were either minors or in the employ of their parent, and the automobile at the time being used in the business. We cannot consent to the suggestion that an adult

daughter, who may happen to be living with the parent as a member of the family is, in the absence of contract, either expressed or implied, a servant of the appellant. The appellant's daughter was an adult and not subject to the legal control of her parent, and there is nothing that we see that warrants the jury in drawing the conclusion that she was the servant of her father. We do not know what effect the circuit judge's attitude in the case may have had upon the presentation of other proof. It may have been that if the circuit judge had ruled differently, different proof might have been introduced on this proposition. All this may be determined by the court on a new trial. We adhere to our former opinion, and believe it correctly states the principles of law applicable to this case.

*Suggestion of error overruled.*