# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT OF MISSISSIPPI

## AT THE

## OCTOBER TERM, 1918.

---

### DEMPSEY *v.* FRAZIER.

#### [80 South. 341, Division A.]

1. PARENT AND CHILD. *Torts of minor child.*

   The general rule of the common law is that the parent of a minor child cannot be held liable for the tortious acts of the child on the mere ground of the parental relationship, but that the parent is responsible only on the same ground that he is for the torts of other persons.

2. SAME.

   If the relationship of master and servant existed at the time of the tortious act of the child and the act was done in the course of this employment, then the parent would be held liable because of the doctrine of *respondeat superior.*

3. MASTER AND SERVANT. *Torts of minor child.*

   Where a father bought an automobile and gave it to his minor son, who had been practically emancipated and who operated the car for hire. In such case, where it did not appear that the son was a negligent driver, when the car was given to him, the father was not liable for the torts of the son in the operation of the car, since no relationship of master and servant existed between them.

APPEAL from the circuit court of Winston county.

HON. H. H. RODGERS, Judge.

Suit by J. D. Frazier against D. D. Dempsey and others. From a judgment for plaintiff, defendant named appeals.

The facts are fully stated in the opinion of the court.

*Jones & Jones,* for appellant.

A father is not liable for the torts of a minor son, unless the relation of master and servant exists between

119 Miss.]         (1)

them. In this case, the father made his son a present of the car, which the son used as a service car and for profit unto himself alone. The son was between eighteen and nineteen years of age. The court erred in refusing a peremptory instruction for D. D. Dempsey. *Doran* v. *Thompson,* 71 Atl. 296, 19 L. R. A. (N. S.) 335; *Hiroux* v. *Baum,* 118 N. W. 533, 19 L. R. A. (N. S.) 332; *Mirick* v. *Souchy,* 11 Ann. Cas. 366; 74 Kansas 715 (and note); *Johnson* v. *Glidden,* 11 S. Dakota, 237, 74 Am. St. 795, and note; 20 R. C. L. 627; *Winn* v. *Haliday,* 69 So. 685.

A minor is liable for his own torts and conversely, a parent, is not, upon the theory alone that he is the parent. 20 R. C. L., 627. There must be some participation in the act on the part of the parent to render him liable. This is held by every authority upon the subject, without dissention. *Boradstreet* v. *Hall,* 80 N. E. 145, 10 L. R. A. (N. S.) 933, and notes; Berry on Automobiles, (2 Ed.), 16-17; *McNeal* v. *McKain,* 41 L. R. A. (N. S.) 775, at page 779; *New Orleans, etc., R. Co.* v. *Thornton,* 65 Miss. 256, 3 So. 654; *Georgia Pacific R. Co.* v. *Money,* 8 So. 646; *Lowe* v. *Ala. & R. Co.,* 81 Miss. 932,—So. 907.

*Brantley & Livingstone,* for appellee.

"Where a father intrusted his minor son with an automobile which rendered the boy his servant, he was liable for injuries caused by the son's negligence in driving, whether or not he had actual knowledge and information that his son was a careless, reckless, and negligent driver." *Winn* v. *Haliday,* 69 So. 685.

In the case at bar, D. D. Dempsey had purchased the automobile and placed it in the hands of his minor son, for the explicit purpose of using the car as a transfer car for hire, and the car had been run for a considerable length of time by said minor, with the full consent, knowledge and information of the said D. D. Dempsey in the ordinary course of business, and was so being used on the day of the injury complained of, and the

father cannot now be heard to say that he is not liable for the acts of said minor.

It is held in *Louisville, etc., R. R. Co.* v. *Willis,* 83 Ky., 57, that the duty of a father to educate and maintain his minor son entitled the former to the son's services, and places him in the attitude of a master to the son, or creates between them the relation of master and servant.

"A complaint, in an action to recover damages for injuries caused by the alleged negligence of the defendant's minor son in the use of a gun, states a cause of action where it alleges that the defendant purchased the gun and gave it to his son; that the child used it negligently, which fact was known to the defendant, and that the father encouraged, countenanced, and consented to such negligent use." *Johnson* v. *Glidden,* 74 Am. St. Rep. 795, 11 S. D. 237.

Under the civil law a father is answerable for the wrongful act of his minor child, who is under his dominion. Hence, he is liable where his minor son intentionall or carelessly shoots another person not in self-defense. 35 La. Ann. 13; 6 La. Ann. 95; 54 Am. Dec. 558; 37 La. Ann. 92; 24 Mo. 219; 69 Am. Dec. 430; 66 Cal. 368; 56 Am. Rep. 101.

We think the authorities cited above, coupled with the testimony in this case clearly establish the relation of master and servant within the meaning of the law.

It is contended by counsel for appellant that he, the appellant, is not liable for the torts of his minor son unless the relation of master and servant exists between them, or unless the father consented, participated or in some way, sanctioned the acts of his minor son, and in this case, appellant, D. D. Dempsey, had no knowledge nor in any way participated in the alleged injury. Counsel seems to lose sight of the fact that appellant himself states on pages 12 and 13 of the record that he purchased the automobile in question and placed same in the hands of his minor son and stated to him to take the machine and make a living with it if he could, and the court, speaking through Chief Justice SMITH, in the case of *Winn* v.

*Haliday,* 69 So. 685, states: "That a father is liable for the injury caused by his son's negligence in driving an automobile, and is responsible whether he had actual knowledge that his son was a careless, reckless and negligent driver."

This case was submitted to a jury of twelve good and lawful men who passed upon the facts and returned a verdict against the appellant in the sum of sixty-five dollars, which verdict was, in our judgment, warranted under the testimony, and the law, in this case, and should be affirmed.

SYKES, J., delivered the opinion of the court.

Appellee, J. D. Frazier, filed suit in the circuit court against D. D. Dempsey, Eugene Dempsey, and Tom Dempsey, for damages sustained to a mare owned by appellee, and recovered a judgment against D. D. Dempsey, from which judgment this appeal is prosecuted. D. D. Dempsey is the father of Eugene and Tom Dempsey. The declaration alleged that the three Dempseys were the joint owners of an automobile, which was negligently being operated by Tom Dempsey at the time of the alleged injury to the mare. The testimony shows that several years previous to the filing of this suit D. D. Dempsey purchased and gave to his minor son, Tom, then about seventeen or eighteen years old, a Ford automobile, and that at the time of the injury Tom Dempsey was operating this car for hire; that his father had nothing whatever to do with the operation of the car or with the emoluments made therefrom. Eugene had nothing whatever to do with the car, and neither D. D. Dempsey nor Eugene Dempsey knew where Tom Dempsey and the car were at the time of the alleged injury. The material facts giving rise to this cause of action are as follows: Tom Dempsey carried a passenger to some point in Winston county and was returning to his home at Louisville, Miss. The appellee, J. D. Frazier, had been

riding a mare and had left her standing on one side of the public road opposite his gate. Appellee was standing near his gate talking to a friend. The automobile of Tom Dempsey came along, and the mare became frightened at it and started running down the public road about twenty-five yards in front of the automobile, The appellee attempted by raising his hand, to stop Tom Dempsey in his car, but Dempsey failed to stop. The testimony for the appellee was in effect that the mare ran in front of the automobile in the public road for eight or nine miles. Sometimes she would be twenty-five yards ahead of the car, and the distance varied between this and seventy-five yards. The automobile traveled during this time at a rather rapid rate of speed. After running the above distance in front of the car, the mare in some way at last turned out of the public road and let the automobile go by  She sustained injuries from this run which rendered her practically worthless. At the conclusion of the testimony, the court gave a peremptory instruction in favor of Eugene and Tom Dempsey. The jury returned a verdict against the father, D. D. Dempsey.

There was no testimony introduced to show that Tom Dempsey, the minor son of appellant, at the time the father gave him his automobile, was not a competent and careful person to handle a car. The testimony in the case shows that the father had practically emancipated his minor son, Tom, so far as claiming the right to his services. Therefore there was no testimony whatever showing that the relationship of master and servant existed between the appellant and his son Tom at the time of the injury. It is very doubtful whether or not there was any testimony of negligence on the part of Tom Dempsey shown, but for this decision we will assume that there was. The general rule of the common law is that the parent of a minor child cannot be held liable for the tortious acts of the child on the mere ground of the parental relationship, but that the parent is respon-

sible only on the same ground that he is for the torts of other persons. Labatt's Master and Servant, vol. 6 (2. Ed.) section 2267. There are some exceptions to this general rule not necessary to be noticed here by us. These exceptions are stated in section 2269 of Labatt, same volume as above. If the relationship of master and servant existed at the time of the tortious act of the child and the act was done in the course of this employment, then the parent would be held liable because of the doctrine of *respondeat superior,* Labatt, section 2270; 29 Cyc. p. 1665; 20 R. C. L. 627: In the case of *Winn* v. *Haliday,* 109 Miss. 691, 69 So. 685, this court decided that the relation of master and servant had to exist before the father was responsible for the negligence of his minor son. The question is also discussed in the case of *Woods* v. *Clements,* 113 Miss. 720, 74 So. 422, L. R. A. 1917E, 357; Id., 114 Miss. 301, 75 So. 119, L. R. A. 1917E, 357. In the latter case, the child was an adult.

The court erred in refusing the peremptory instruction asked by appellant.

Reversed, and judgment here for appellant.

*Reversed.*