## Woods *v.* Clements.

### [74 South. 422, Division B.]

1. **Master and Servant.** *Liability of master for act of servant.*
   If the relation of master and servant is sufficiently established, then the doctrine of *respondeat superior* applies and the negligence of the servant is the negligence of the master.

2. **Master and Servant.** *Servants. Who are.*
   Where defendant, a member of a real estate firm which owned an automobile, allowed his family to use the car when it was not necessary for his business, and his adult daughter without his express consent took the car for a pleasure trip on which trip she collided with the car of plaintiff, in such case the daughter was not the servant of defendant in operating the car and he was not liable for her negligence.

Appeal from the circuit court of Lauderdale county. Hon. W. W. Venable, Judge.

Suit by George B. Clements against C. F. Woods.

From a judgment for plaintiff, defendant appeals.

Appellee, Dr. Clements, as plaintiff in the court below, brought this action to recover damages to his automobile as a result of the alleged negligence of the driver of appellant's Ford car. Appellant and his partner, one Poitivent, owned jointly a Ford car which was used by them in their real estate business. Mr. Woods made use of the Ford car while transacting the firm's business; while his partner, Mr. Poitivent, used a horse and

buggy owned by the firm and used in furtherance of the firm's business. Mr. Woods kept the Ford car at his home, and when he was not using the car himself he permitted the members of his family to use it for pleasure. Miss Majorie Woods is a daughter of appellant, a member of his family, and at the time of the collision complained of was twenty-two years old. Mr. Woods gave to this adult daughter permission at times to use the Ford car, and states that he did not object to her using it at any time the car was not being used for business purposes. On the afternoon of Sunday, August 16, 1914, Miss Majorie, without the express permission of her father, but with his implied consent, took a pleasure trip with the Ford car and had with her her mother and two friends. There is nothing in the record to indicate that the daughter was not an experienced or good driver of a Ford car  While going along one of the main highways in the city of Meridian, she attempted to pass by and to the left of Dr. Clements, who was driving his car in the same direction along the same road, and, in attempting to pass, Miss Woods, according to the evidence of plaintiff, negligently struck Dr. Clements' automobile, causing it to deflect to the right and down the right-hand side of an embankment and against a telephone pole, as a result of which plaintiff's car was injured. Upon the question of negligence, the evidence was in sharp conflict. The record shows that Mr. Woods was an experienced driver of a Ford car, and that he drove his own car whenever he used it, either for business or pleasure. There is some evidence tending to show that Mr. Woods, some months previous to the accident, taught his daughter how to drive a Ford car, and that Mr. Woods considered his daughter a good driver. There is no evidence tending to show, that Mr. Woods ever made use of his daughter as a driver for himself, or that he ever requested her to run the machine for the benefit of his wife or other members of his family.

Appellant requested, and the court refused to grant, the following instructions:

"The court instructs the jury to find for the defendant.

"The court further charges the jury that, before the plaintiff is entitled to recover in this case, the jury must believe from a preponderance of all the testimony in the case that defendant's daughter was an incompetent or reckless driver of a Ford car, and that the defendant knew or had good reason to believe that she was incompetent or reckless in driving such car.

"The court further charges the jury that if, from all the testimony in the case, they believe that the defendant had good reason to believe and did believe, that his daughter was a competent and careful driver of a Ford car, and that so believing he permitted his said daughter to use said car for her own pleasure in driving, and that at the time of the injury complained of his said daughter was driving the car for her own pleasure, then the jury will find for the defendant, even though they may believe that the injury was caused by the negligence of the defendant's daughter in driving said car."

There was verdict and judgment for the plaintiff, from which this appeal is prosecuted.

*Amis & Dunn,* for appellant.

The precise question presented by this appeal is this, namely; is the owner of an automobile, which was acquired for business purposes, but also used for the pleasure of his family, liable for an injury to a third person, negligently inflicted by an adult child, who is permitted by the owner to drive the car for her own purposes, such adult child being a careful and competent driver and so regarded by her father? Or to state it otherwise, does the fact that the owner of an automobile, which is kept for purposes of business, but

is also used for the pleasure of himself and members of his family, who permits an adult child, who is a member of his family, and who is a careful and competent driver of an automobile, to drive the car for her own pleasure as well as that of her mother and friends, render him liable to third persons, for the negligence of such adult child while driving the car pursuant to the general and implied consent of her father so to do?

So far as we have been able to find the precise question has not been decided by this court. In the case of *Wynne* v. *Halliday*, decided by this court in October, 1915, and reported in 69 So. 685, the facts were these: The appellee sued the appellant for damages to his horse and buggy alleged to have resulted by reason of the horse becoming frightened at the appellant's automobile. The automobile was owned by the appellant, and on the occasion in question was driven by William Wynne, his seventeen year old son. William had been driving automobiles for three or four years, and when the automobile here in question was purchased by his father about a year before the injury to the appellee's horse and buggy, he was placed by his father in the exclusive control thereof and was charged with the duty of keeping it in repair and of driving it when in use by appellant or members of his family. On the occasion in question, with the appellant's knowledge and consent, several boys and girls accompanied by a chaperone, were going in the automobile from Laurel to Ellisville to a baseball game the automobile being driven by William. Appellee while driving his horse and buggy met this automobile at a narrow place in the road. The horse became frightened and ran away, causing the damages for which suit was brought.

In passing on these facts, the court speaking through SMITH, C. J., said: "One of the alleged errors complained of was the refusal of the court below to grant appellant a peremptory instruction. The ground of this

assignment of error is that as a general rule, a father is not responsible for the torts of his minor son unless the latter bore to the father the relation of servant to master in the commission of the act from which the injury resulted. This we may concede to be the rule but nevertheless appellant can receive no benefit therefrom, for in our opinion the relation that existed between appellant and William with reference to the running of the automobile on the occasion in question, was that of master and servant; for William was then engaged in the discharge of the duty that had been imposed upon him by appellant of driving the automobile when used for the convenience or pleasure of himself or the members of the family." Citing Labatt's Master & Servant, section 2270. Now, by referring to section 2270, Labatt's Master & Servant, we find this language:

"Liability when imputable to the parent on the ground of the child being his servant or agent.—The operation of the general rule as to the non-liability of a parent for the torts of his child may also be avoided by proof that at the time when the injury was inflicted, the latter was employed by the former in the capacity of a servant or agent, either generally or with respect to the particular piece of work then in progress, and that the act from which the injury resulted, was done in the course of that employment." Labatt in section 2268. *Parker* v. *Wilson*, decided by the supreme court of Alabama in November, 1912, and reported in 60 So. 150, 26 Cyc. 1665. The responsibility in such case is governed by the ordinary principles affecting the liability of a principal for the acts of his agent or a master for his servant. *Daily* v. *Maxwell*, 152 Mo. App. 415; *Stowe* v. *Morris*, 147 Ky. 386; *Moon* v. *Matthews*, 227 Pa. 488; *Doran* v. *Thomsen*, 76 N. J. Law, 754.

In the case of *Maher* v. *Benedict*, 108 N. Y. Sup. 228, the court said: "Liability cannot be cast upon the

defendant because he owned the car, or because he permitted his son to drive the car whenever he wished to do so, or because the driver was his son. Liability arises from the relation of master and servant and must be determined by the inquiry, whether the driving at the time was within the authority of the master, in the execution of his orders, or in the doing of his work." *Reynolds* v. *Buck,* 127 Iowa, 601; *Doran* v. *Thomsen,* 76 N. J. Law 754, 131 Am. St. Rep. 677. Apart from the master's service and control.

In the case at bar the automobile was purchased and owned by the defendant, Mr. Woods, and his partner, Mr. Poitevent, for use in their real estate business. The purpose for which it was purchased was to be in the prosecution of the business of Woods & Poitevent, but when it was not so used, it was kept by Mr. Woods at his home, and he permitted his daughter who was not a minor, but who was twenty-two years old to drive it whenever she felt like it for her own purposes, whether of pleasure or business. At the time of the happening of the injury complained of in the declaration, she had taken the automobile, without the express authority or consent of her father, and had invited her mother and two lady friends to accompany her on a drive about the streets of the city and the highways adjacent thereto for pleasure; surely in so doing she was acting for her own purposes and not as the agent or servant of her father. If she was not the agent or servant of her father, then the peremptory instruction should have been granted.

*Neville, Stone & Currie,* for appellee.

The vice of the argument of the learned attorneys for the appellant is that their contention is bottomed on the theory that the relation of master and servant, and principal and agent, can only be created by express contract. It is true they do not directly so contend, but

a careful analysis of their whole argument will make it quite plain that it is founded on that theory.

The new Jersey court, in the case of *Doran* v. *Thomsen,* 76 N. J. L. 754, 131 Am. St. Rep. 677, the main case relied on by attorneys for the appellant, but which we will hereafter show is easily distinguishable from the case at bar correctly stated the law as to what constitutes the relation of master and servant.

Wesubmit that when the facts of the case at bar are considered in the light of the above rule and of the following decisions, it will be apparent that the judgment of the lower court is correct, and should be affirmed, to wit: *McNeal* v. *McKain* (Okla.), 41 L. R. A. (N. S.), 775; *Daily* v. *Maxwell,* 152 Mo. App. 415, 133 S. W. 351; *Stowe* v. *Morris,* 147 Ky. 386, 39 L. R. A. (N. S.) 224; *Birch* v. *Abercrombie,* 74 Wash. 486, 50 L. R. A. (N. S.) 59 So. 685. We also refer your honors to the note beginning on page 775, 41 L. R. A. (N. S.) headed "Liability where automobile is being used by member of owner's family;" and also to the note beginning on page 59, 50 L. R. A. (N. S.).

The court will find the question involved in the case at bar fully discussed and all the authorities cited in these two splendid notes. *Stowe* v. *Morris, supra,* 147 Ky.; *Smith* v. *Jordan,* 211 Mass. 269, 97 N. E. 761; *Moon* v. *Matthews,* 227 Pa. 488, 29 L. R. A. (N. S.) 856; 136 Am. St. Rep. 902.

We submit that it is wholly immaterial whether the owner of the car places it in the exclusive control of a member of his family, or permits a member of his family to drive it for the pleasure and entertainment of his family only at such times when the car is not being used in the owner's business.

The court in the case of *Winn* v. *Halliday,* of course did not limit the liability of owners of automobiles being driven by members of their families to cases in which the exclusive control of her car had been placed by the owner in the hands of the member of the family

driving it at the time of the injury nor to cases in which the owners had charged the members of the family driving the car, with the duty of keeping it in repair. No case can be found we submit, which so limits the liability of the owner of an automobile.

The case of *Winn* v. *Halliday* finds ample support in the very able opinion of the supreme court of Washington in the case of *Birch* v. *Abercrombie, supra,* and, in the language of the supreme court of Washington, it would have been "little short of calamitous" for this court to have reached any other conclusion than it did in the case of *Winn* v. *Halliday;* and much more calamitous would be, we submit, for this court to adopt a doctrine "so callously technical" as that contended for by the learned attorneys for appellant in the case at bar.

STEVENS, J., delivered the opinion of the court.

Before the plaintiff can recover in this suit, the proof must sufficiently show the relationship of master and servant between the defendant, Mr. Woods, and his unmarried adult daughter. It must appear that Miss Majorie Woods, the driver, was the defendant's chauffeur. If the relationship of master and servant is sufficiently established, then the doctrine of *respondeat superior* applies, and the negligence of Miss Majorie at the time of the collision in question would be the negligence of the master. To constitute this relation there need not be either an express contract or compensation. The relationship may arise from an implied agreement. Most of the adjudicated cases brought to our attention grew out of the alleged negligence of minor children. It is elementary that the father has a right to the services of his minor son; a right, to a large extent, to control his actions or movements. It may be conceded that, if the father supplies his family with an automobile to be used for the pleasure and entertain-

ment of the entire family, he may be held liable for the negligent operation of the car by one of the minor children selected to run or operate the machine. If the father should turn the car over to a child inexperienced in driving or incompetent to handle so powerful a machine, he might be liable upon another theory. Each case must turn upon its own peculiar facts. The authorities are in accord that an automobile is not *per se* a dangerous agency. *McNeal* v. *McKain,* 33 Okla. 449, 126 Pac. 742, 41 L. R. A. (N. S.) 775, and authorities cited.

Responsibility in this case, then, turns upon the negligence of the driver and the further and important inquiry whether the driver could be regarded as a family chauffeur or servant at the particular time of the accident. It appears that she was on no mission for her father, and the proof fails to show that the father even knew his daughter intended to use the car on the pleasure trip, here marred by an unfortunate accident. The proof, in our judgment, fails to establish the relationship of master and servant. This is not a case where the father is presumed to have use of his child's services, and it would be going far to say that the unmarried adult daughter of the family could on the occasion in question be classed as a servant. The car was not purchased or maintained primarily for the pleasure of the family. The father was not even the sole owner of the car. Under the facts, we think appellant was entitled to a peremptory instruction. The only previous announcement of our court anywise in point is to be found in *Winn* v. *Halliday,* 109 Miss. 691, 69 So. 685, the holding in which fully accords with the views now expressed.

*Reversed and remanded.*