WOODS *v.* FRANKLIN.*

(Division B. Oct. 22, 1928.)

[118 So. 450. No. 27351.]

*Corpus Juris-Cyc. References: Evidence, 22CJ, section 551, p. 465, n. 62; Motor Vehicles, 42CJ, section 1043, p. 1231, n. 22; section 1054, p. 1243, n. 4; section 1069, p. 1250, n. 6. As to effect of defective brakes on liability for injury by automobile, see annotation in 14 A. L. R. 1339; 2 R. C. L. 1183; 4 R. C. L. Supp. 145.

*Vellor & Kelly* and *Chaney & Culkins,* for appellant.

638

*Brunini & Hirsch,* for appellee.

ANDERSON, J. Appellant brought this action against appellee in the circuit court of Warren county, to recover damages for an injury received by her as the result of being struck by an automobile belonging to appellee, which was being driven at the time of the injury by one of appellee's sisters. At the conclusion of the evidence for the appellant, on motion of the appellee the evidence was excluded, and a verdict directed in favor of the appellee. Accordingly judgment was entered, dismissing appellant's suit. From that judgment appellant prosecutes this appeal.

Appellant's declaration was in three counts. In the first count the declaration averred that the appellee was the owner of a Dodge automobile, which was used by himself and his two sisters as a family car; that on the day the injury complained of occurred, with appellant's permission and consent, his sister was driving the car on the streets of the city of Vicksburg at a fast, reckless, dangerous, and unlawful rate of speed, by reason whereof she ran down and struck appellant with the car.

The second count of the declaration averred that appellee's sister who was driving the car, by reason of her inexperience, recklessness, and carelessness, was not a proper person to drive and operate a car, all of which appellee knew or could have known by reasonable care; and as a result thereof appellant suffered the injury complained of.

The third count of the declaration averred that the brakes on the car were old, worn, broken, and out of repair, and that by reason thereof the car ran into and against her and inflicted upon her the injuries sued for. To the declaration appellee pleaded the general issue, and gave notice thereunder that he would undertake to prove that appellant, by reason of her own negligence, suffered the injury sued for, without any fault on the part of appellee.

The evidence showed that Washington street and South street, in the city of Vicksburg, intersect each

other, the former running north and south, and the latter east and west; that appellant, with her daughter, Mrs. Ryles, undertook to cross Washington street at its intersection with South street, going east from the northwest corner thereof; that where these streets intersect is one of the principal business sections of the city, where there is much travel, both by vehicle and by foot; that appellant and her daughter had gotten across the street car track on Washington street, and were nearing the northeast corner of the intersection, when appellee's car, driven by his sister, without any warning or signal, ran into them, causing the injury complained of; that after striking appellant, the car continued to move for a distance of ten or twelve feet, and was finally stopped by the emergency brake. The evidence showed that appellee's sister was in the habit of driving him in the car to and from his place of business.

There was no evidence whatever to sustain the second count of the declaration. Appellant, in effect, concedes that. Appellant contends, however, that there was sufficient evidence to go to the jury under the first and third counts.

We think that the evidence was sufficient to show that appellant's injury was caused by the negligence of appellee's sister in driving the car.

Under the first count of the declaration appellant sought to hold the appellee liable for the negligence of his sister, upon the ground that the relation of master and servant existed between them at the time the injury occurred. There was no direct evidence tending to show whether, at the time of appellant's injury, appellee's sister was driving the car on a mission for him, or on a mission of her own. But appellant takes the position that it was not necessary, under the law, to show by direct evidence that at the particular time of the injury the relation of master and servant existed between appellee and his sister, in view of the fact that it was

shown that it was appellee's car which was being driven by his sister, and that she had been in the habit of driving it with his knowledge and consent; that the showing of those facts, under the law, made out a *prima-facie* case that the relation of master and servant existed between appellee and his sister at the particular time of the injury, and the burden thereupon shifted to appellee to show that such relation did not exist at the time of the injury. Appellant argues that to be the law, because the character of the relation existing between the appellee and his sister at the time of the accident was a matter peculiarly within appellee's knowledge. In other words, that appellant made out a *prima-facie* case of the relation of master and servant between appellee and his sister at the time of the injury, by showing that the car belonged to appellee, and that his sister had often been seen driving it, and on numerous occasions driving appellee in the car to and from his place of business. To sustain that contention, appellant cited decisions of courts of other states which have adopted that principle. However, our court, in *Woods* v. *Clements,* 113 Miss. 720, 74 So. 422, L. R. A. 1917E, 357, and reported again on suggestion of error in 114 Miss. 301, 75 So. 119, L. R. A. 1917E, 357, has adopted the contrary rule. It was held in that case that the relation of master and servant had to be proven directly, and not by way of presumption. Among other things, the court said in that case:

"The proof, in our judgment, fails to establish the relationship of master and servant. This is not a case where the father is presumed to have the use of his child's services."

The only evidence to sustain the third count of the declaration was the following: Some of the witnesses testified that when appellant was struck by the car she was carried something like ten or twelve feet before the car stopped, and that after it stopped it started rolling again, a foot or two at a time, until the emergency brake

was put on. And the next day after appellant's injury, appellee's sister, who was driving the car at the time of the injury, visited appellant in the Vicksburg Sanitarium and stated to her that the brakes on the car had not been working for three or four days, and for that reason she could not control the car. The latter testimony was admitted by the court over the objection of appellee. This was error, even though the relation of master and servant existed between appellee and his sister at the time of the injury. The declarations of the latter could not bind appellee. To be binding upon appellee, such declarations must have been a part of the *res gestae*. The sister's statement to appellant the next day as to the condition of the brakes of the car was not a part of the *res gestae*—it was too remote. *Gulf R. R. Co.* v. *Hudson,* 142 Miss. 542, 107 So. 369. With that testimony out of the case there was not enough left to go to the jury tending to show, under the third count of the declaration, that the brakes to the car were old, worn, broken, and out of repair, and thereby the car was a dangerous agency *per se;* appellant's contention under the third count being that the car, on account of the condition of its brakes, was a dangerous agency *per se,* and appellee was liable for the injury, even though the relation of master and servant did not exist between himself and his sister who was driving the car.

*Affirmed.*