ATWOOD *v.* GARCIA.

(Division A. May 1, 1933. Suggestion of Error Overruled June 12, 1933.)

[147 So. 813. No. 30565.]

Wells, Jones, Wells & Lipscomb, of Jackson, and G. Wood Magee, of Monticello, for appellant.

146

**H. J. & E. B. Patterson,** of Monticello, and **W. D. Hilton,** of Mendenhall, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee, an infant of tender years, who sues by her mother as next friend, recovered a judgment against the appellant for damages resulting to her from a personal injury. At the close of the evidence, the court below charged the jury to return a verdict for the appellee, submitting to them only the amount of damages to be awarded. The giving of this instruction is assigned for error, and also the amount of the verdict, which is said to be excessive.

The evidence discloses that an automobile truck in which the appellee was riding was struck by an automobile driven by Mrs. Holloway in which the appellant was sitting on the front seat thereof beside the driver.

The appellant makes no contention that the evidence fails to disclose negligence on the part of Mrs. Holloway sufficient for the purpose of the instruction; her contention being that she was not responsible therefor.

The appellant's responsibility for Mrs. Holloway's negligence arises because of her ownership of the automobile Mrs. Holloway was driving. The appellant's contentions in this connection are: (1) The evidence does not disclose that the automobile was owned by her; and (2) that ownership of the automobile alone is insufficient to charge her with responsibility for the driver's negligence.

In the testimony of Farmer, the driver of the truck, who was introduced by the appellee, appear the following questions and answers:

"Q. Mr. Farmer, whose car was that? (Referring to the car driven by Mrs. Holloway.) A. Mrs. Atwood's.

"Q. Mrs. Fannie P. Atwood? A. Yes sir.

"Q. That's the lady there? A. Yes sir.

"Q. Was she sitting in the car at that time on the front seat? A. Yes sir.

"Q. Was she driving? A. No sir.

"Q. State whether or not she admitted to you it was her car? A. She did because she said the Insurance Company would fix my car."

This evidence was not objected to, nor contradicted, and, in addition, counsel for the appellant, several times, referred to the car driven by Mrs. Holloway as "Mrs. Atwood's car." This was sufficient proof of ownership.

It is true that the statement by the appellant to Farmer that the insurance company would fix his truck was no admission of ownership of the car driven by Mrs. Holloway, but that fact does not negative Farmer's testimony that the car was owned by the appellant, Mrs. Atwood.

While there is a conflict in the authorities thereon, Tice v. Crowder, 42 A. L. R. 893, note two, the ownership of an automobile is not, in this state, prima-facie evidence of responsibility by an owner for negligence of the person driving it, Woods v. Franklin, 151 Miss. 635, 118 So. 450. But the appellant's liability does not rest alone upon the mere fact of her ownership of the automobile. She was riding in it, by the side of the driver, at the time the injuries were inflicted, and this is sufficient prima-facie evidence that it was then being driven for her use and benefit. 2 Berry on Automobiles (6 Ed.), sections 1356-1358, and Huddy's Automobile Law (9 Ed.), section 92.

On the evidence, the extent of the appellee's injuries was a question for the jury, and they were warranted in believing, from their examination of the appellee's person, and the testimony of a physician relative thereto, that she was entitled to the amount of damages awarded her.

Affirmed.