203 So.2d 488 (1967)
Louis HOBBS et al.
v.
INTERNATIONAL PAPER COMPANY, S.F. Mullins and Carl Tillman.
No. 44580.
Supreme Court of Mississippi.
October 23, 1967.
*489 William F. Coleman, Crisler, Crisler & Bowling, Jackson, McIntyre & McIntyre, Brandon, for appellants.
Watkins & Eager, Joe W. Hobbs, Jackson, for International Paper Co.
Satterfield, Shell, Williams & Buford, Cary E. Bufkin, Jackson, for Mullins.
B.L. Riddick, Jackson, and Hugh B. Gillespie, Jr., Raymond, for Tillman.
RODGERS, Justice:
This case was appealed from the First Circuit Court District of Hinds County, Mississippi. The appellants, Louis Hobbs and the other surviving heirs of Lillie Hobbs, deceased, filed suit against Earnest Gilmore, Carl Tillman, S.F. Mullins and the International Paper Company for damages arising out of the alleged negligent acts of Earnest Gilmore which caused the death of their mother in an automobile accident.
Earnest Gilmore was the operator of a pulpwood truck hauling pulpwood to the wood yard of International Paper Company at Smith Station near Edwards, Mississippi. The rear axle of the truck broke in the late afternoon, and the truck could not be moved from a paved portion of the highway. Gilmore left the truck and went in search of a mechanic, but before he returned, it became dark. There were no lights on the truck. The deceased was a passenger in a station wagon automobile being driven by William Weathers. The station wagon collided with the back end of the truck, which was loaded with pulpwood. Weathers and Lillie Hobbs were killed instantly.
At the conclusion of the plaintiff's testimony, the trial court sustained a motion for a directed verdict in favor of all defendants except Earnest Gilmore; thereupon, the plaintiffs obtained a nonsuit without prejudice as to Earnest Gilmore, and the case was not submitted to the jury.
Since this case is to be retried, we will not detail the evidence, except to point out facts necessary for this opinion. We have reached the conclusion that the testimony offered by the appellants, taken alone, is sufficient to present an issue for the jury as to the liability of Earnest Gilmore, operator of the pulpwood truck, and of Carl Tillman. Carl Tillman contends that the operator of the truck was not his agent and servant, but under the circumstances here shown this issue was a question for the jury.
It is only in the absence of all substantial evidence against a defendant *490 that the trial judge should as a matter of law direct a verdict in his favor. The trial court must assume as being true all favorable testimony and all favorable inferences to be drawn from the evidence of the party against whom the peremptory instruction is requested. Lowe v. Mobile & O.R.R., 149 Miss. 889, 116 So. 601 (1928); Gulf, M. & O.R.R. v. Withers, 247 Mis. 123, 154 So.2d 157 (1963); Moseley v. Bailey, 193 So.2d 729 (Miss. 1967); Shaw v. Phillips, 193 So.2d 717 (Miss. 1967); Tullier v. Capitol Constr. Co., 190 So.2d 880 (Miss. 1966).
The Supreme Court of Arkansas had a case before it where the driver of a log truck permitted it to remain on the highway after dark, without lights, resulting in an accident. The lumber company, a defendant in the case, contended that the operator of the log truck was an independent contractor, and that the lumber company was not liable for his negligence. The court held that this issue was a question for the jury. Ozan Lumber Co. v. McNeely, 214 Ark. 657, 217 S.W.2d 341, 8 A.L.R.2d 261 (1949).
The testimony of the plaintiff here is not sufficient to establish agency or other master-servant relationship between Carl Tillman and S.F. Mullins or between Carl Tillman and International Paper Company through S.F. Mullins or otherwise. We do not think it necessary to point out the interpretation placed upon the use of the pulpwood truck and other pulpwood equipment by the parties insofar as Mullins and the paper company are concerned. There is some evidence that Mr. Mullins did in fact charge Tillman for "truck account," but there is no substantial evidence connecting Mr. Mullins with Tillman in a master-servant relationship.
The judgment of the trial court in favor of Mr. Mullins and International Paper Company should be affirmed.
There is another reason why we believe this case, as to Mr. Tillman, should have been submitted to the jury. The testimony reveals circumstances which taken together with other facts might have led the jury to determine that the relationship of master and servant existed between Carl Tillman and Earnest Gilmore; for example, the name "Tillman" was printed on the truck, and after the accident Mr. Tillman attempted to give a bill of sale to the truck to Earnest Gilmore.
The record shows also that Mr. Tillman bought the 1965 license tag for the pulpwood truck in the name of Earnest Gilmore after the accident occurred. There is other circumstantial evidence tending to establish respondeat superior relationship, but we will not emphasize it at this point.
In 57 C.J.S. Master and Servant § 615 (1948) the textwriter points out that the relationship of master and servant may be proved by circumstantial evidence. Cf. Montgomery Ward & Co. v. Windham, 195 Miss. 848, 16 So.2d 622 (1944), suggestion of error overruled, 195 Miss. 860, 17 So.2d 208 (1944); 30 Am.Jur.2d Evidence § 1091 (1967).
It is said in 3 Am.Jur.2d Agency § 351 (1962) that "agency, like any other condition or fact, may be established by circumstantial evidence." Many cases on this subject are collected under this section.
The jury, in determining whether or not the relationship of master and servant exists between the parties, is not required to close its eyes to circumstantial evidence. Where persons and firms put worn-out trucks into the possession of penniless persons, to be operated upon the heavy-laden highways of this state under the guise and legal fiction that such operators are independent contractors or timber buyers and sellers, when in fact and truth they are financially unable to buy gasoline or tags with which to operate the trucks, or even food for themselves, without obtaining advance funds, these facts and circumstances are for the jury's consideration, and may be the turning point in their deliberations.
We are therefore of the opinion that the court was correct in granting a directed *491 verdict in favor of International Paper Company and Mr. S.F. Mullins; we are of the opinion, however, that the court was in error in directing a verdict in favor of Carl Tillman under the facts in this case, since this issue was a question for the jury. The judgment of the court is affirmed as to International Paper Company and S.F. Mullins, but is reversed as to Carl Tillman, and remanded for further proceedings in accordance with this opinion.
Affirmed in part, reversed in part, and remanded.
ETHRIDGE, C.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.