RODGERS, Justice.
This is an appeal from a judgment sustaining a motion for a directed verdict in favor of the defendant, Masonite Corporation, in an action brought by John B. Powell for personal injuries received as the result of negligence of an alleged agent of the defendant, a corporation. The trial court decided, from the evidence, that the proof did not sustain the contention that the negligent party was an agent of the defendant, Masonite Corporation.
The record shows that Uless Breland was engaged in cutting and hauling pulpwood for the Masonite Corporation on its land, and lands of others, and that he employed four men to aid in this operation. He operated various trucks, including the one involved in the accident. The record shows that the truck here involved had belonged to a Mr. W. J. Lightsey, and that one DeGrummond, an employee, of Masonite Corporation, had turned the truck over to Mr. Breland and had told him where to go to get the truck. Mr. Lightsey’s wife gave the truck keys to Breland. Upon the trial Breland testified that the purchase price of the truck was being deducted in regular installments from the money due to him by the Masonite Corporation for the hauling of pulpwood.
At the time of the accident Breland was cutting wood from lands belonging to one W. H. Turner. Mr. Turner had engaged *470 Breland to cut the pulpwood on his land. He received payment for the pulpwood from Masonite Corporation, either by check through the mail or cash delivered to him by Breland.
After the accident Breland gave a statement to the attorney for the claimant in which he admitted that the truck belonged to the defendant, Masonite Corporation. He stated that he never had received the bill of sale for the truck, but that the purchase price for the truck was being deducted from the money due him by the corporation. He also stated that the wood then being transported came from the lands of Masonite; that Mr. DeGrummond and the com-pany men checked his work and gave him instructions as to where to cut. He stated that one Dale Bowling, a company man, supervised his’work. Objection was made to the introduction of this statement into evidence by the Masonite Corporation upon the ground that agency could not be shown by an extrajudicial statement of an alleged agent. This objection was sustained and the appellant does not contend that this ruling was erroneous.
The appellant does contend, however, that the acts and conduct of Breland do establish a respondent superior relationship sufficient to establish a factual issue for the determination of a jury as to whether or not Mr. Breland was an agent of the Masonite Corporation.
We agree that agency and the relationship of master and servant may be shown by circumstantial evidence. See cases collected in Hobbs v. International Paper Company, 203 So.2d 488 (Miss.1967). Moreover, the long continued employment of a person to cut and haul logs under a contract that may be terminated at will “strongly indicate[s] the contract hauler is no longer an independent contractor but has assumed the status of an employee under the relationship of master and servant.” Brown v. E. L. Bruce Co., 253 Miss. 1, 10-11, 175 So.2d 151, 156 (1965).
The facts here presented do not show the circumstances of the long continued relationship from which a jury could reasonably determine that the defendant Breland was an agent of the corporation at the time of the accident. We are constrained, therefore, to hold that this case is governed by the case of Hercules Powder Company v. Westmoreland, 249 Miss. 849, 164 So.2d 471 (1964).
The judgment of the trial court is therefore affirmed.
Affirmed.
ETHRIDGE, C. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.