489 F.2d 103
 J. B. NEWELL and Mrs. Gladys Reed, mother and next friend of
Miss Paulette Virginia Reed, a minor, Plaintiffs-appellees,
v.
HAROLD SHAFFER LEASING CO., INC., Harold Shaffer,
Individually, and Harold Shaffer, d/b/a Harold
Shaffer Leasing Company, defendants-Appellants.
 No. 73-1706.
 United States Court of Appeals, Fifth Circuit.
 Feb. 8, 1974.
 
 Rae Bryant, Gulfport, Miss., for defendants-appellants.
 George Shaddock, Donald W. Cumbest, Pascagoula, Miss., Ben H. Harris, Jr., Howell, Johnston, Langford, Finkbohner, Johnstone, Adams, May, Howard & Hill, Mobile, Ala., for plaintiffs-appellees.
 Before TUTTLE, DYER and MORGAN, Circuit Judges.
 TUTTLE, Circuit Judge:
 
 
 1
 This is an appeal in a diversity personal injury action by the defendants from the district court's denial of their motion for directed verdict and for judgment notwithstanding the verdict. The accident giving rise to this lawsuit occurred on November 16, 1968, when a truck driven by Bobby Gene Ferrell struck the rear end of Newell's vehicle, where Reed was a passenger. Newell and Reed sued Harold Shaffer Leasing Co., Inc., Harold Shaffer, Individually, Harold Shaffer, d/b/a Harold Shaffer Leasing Co. and Ferrell; however, since service of process was never obtained on Ferrell, the suit was dismissed against him. The complaint alleged that under the doctrine of respondeat superior the defendants were liable for the plaintiffs' injuries suffered when the truck bearing the name of one of the the defendants struck their vehicle. The case proceeded to trial against Harold Shaffer Leasing Co., et al., resulting in a jury verdict of $30,000 for Newell and $4,000 for Reed. We affirm.
 
 
 2
 The following sequence of events was established at the trial. Immediately after the collision Newell left his car and talked with Ferrell, the driver of the truck. Newell noticed that written on the side of the truck was 'Harold Shaffer Leasing Company, New Orleans, Louisiana,' which name Newell wrote down on a piece of paper. Ferrell exhibited to Newell an insurance policy which was taken out of the cab of the truck. Newell copied from the insurance certificate the policy number and the name of the insureds which were 'Harold Shaffer Leasing Compny' and 'Fiat Roosevelt Motors, Inc.'
 
 
 3
 After the accident Newell had his vehicle repaired. Apparently without his solicitation Newell received in the mail an insurance draft for his expenditures in repairing his automobile. This check, sent to Newell from an insurance company, bore the name 'Shaffer Leasing Co., et al.' as the insureds. The check specified the date of loss as November 16, 1968, the date of the accident in question, and was for the exact amount of the repair cost to Newell's vehicle resulting from this accident. There was no proof at trial regarding who instituted the payment of this insurance draft. Newell returned the check to the insurance company. The defendants made a motion for a directed verdict at the close of the plaintiffs' presentation of evidence which was denied. Thereafter, the defendants rested without presenting any witnesses and the court submitted the case to the jury which returned a verdict for the plaintiffs.
 
 
 4
 The appellants' principal position in their motion for directed verdict was that they were not liable under the doctrine of respondeat superior, because there was no evidence that the offending truck was owned by either of them, or, that the driver was an employee who was furthering their business at the time of the accident. Nonetheless, the district court concluded that the appellees had introduced the following circumstantial evidence which sufficed to create a jury question on the agency relationship: (1) the truck had the name of 'Harold Shaffer Leasing Company' written on its side; (2) the truck driver showed Newell a liability insurance policy taken from the truck which noted 'Harold Shaffer Leasing Company' as one of the insureds; and (3) a liability insurer forwarded a draft to Newell which named the insured as 'Shaffer Leasing Co., et al.' and was for the exact amount of the repair cost to his vehicle.
 
 
 5
 The contentions of the appellants here are that the district court erred (1) in refusing to direct a verdict for them; (2) in admitting into evidence the copy of the insurance draft; (3) in allowing the jury to consider permanent injuries of Reed; and (4) in permitting this jury verdict evidencing bias and prejudice to stand. The latter three assertions are clearly without merit and can be readily dismissed; whereas, the appellants' initial argument does raise a substantial question whether plaintiffs' witnesses, together with any presumptions that this evidence raised, warranted the district court's submission of the agency issue to the jury. Nevertheless, our examination of this record and the Mississippi law regarding proof of agency persuades us that there was sufficient circumstantial evidence on the agency relationship to send this case to a jury.
 
 
 6
 Court Properly Submitted Agency Issue to Jury
 
 
 7
 Although the appellants did not present any evidence at trial refuting the agency relationship, in their pleadings and during trial the appellants denied that Ferrell was their agent, servant and employee acting within the scope of his employment at the time of this collision. Therefore, this matter was in dispute throughout. In the absence of evidence by the appellees which would create a material issue of fact of this relationship, the appellants would have been entitled to a directed verdict. However, the court determined that the appellees had presented sufficient circumstantial evidence to create a factual issue to be resolved by the jury. The principal cases relied on by the district court in refusing to direct a verdict for the appellants and for submitting this case to the jury were Jack Cole Co. v. Hudson, 409 F.2d 188 (5th Cir. 1969); Bynum v. Mandrel Industries, Inc., 241 So.2d 629 (Miss.1970); Hobbs v. International Paper Co., 203 So.2d 488 (Miss. 1967); Merchants Co. v. Tracy, 175 Miss. 49, 166 So. 340 (1936).
 
 
 8
 Only recently Jack Cole Co. v. Hudson, supra, occasioned this Court's consideration of Mississippi law regarding the sufficiency of evidence to create a factual issue on agency relationships. In that case plaintiff's vehicle was struck by a large yellow-colored truck which did not stop to render aid. The only further description given by a witness to the collision was that it was a tractor-trailer van type, with the tractor portion painted yellow and the words 'Jack Cole' painted in large letters over the cab on the front of the aluminum covered trailer. No one could give a more precise description either of the truck or its driver, or, testify as to what printing appeared on the tractor, if indeed there was any printing on it at all. The other supportive evidence of the agency relationship was that Jack Cole owned tractors and trailers, all of which were aluminum-colored and bore signs reading 'Jack Cole Company,' and that Jack Cole's trucks had permits to, and frequently did, travel that portion of Highway 11 where the accident occurred. The record reflected that no truck had been stolen on the day of the accident and that there were several side roads available for the hit and run driver to pull off the main highway to evade the search for him after the accident. In affirming the submission of the case to the jury, this Court concluded:
 
 
 9
 'Mississippi seems to follow the rule generally recognized elsewhere, that where a defendant's name appears on a commercial vehicle involved in an accident, there is a rebuttable presumption that the vehicle is owned by the defendant and that the operator of the vehicle is an employee of defendant, and was, at the time of the accident, engaged in the scope of his employment and in the furtherance of the business of the master. Merchants Co. v. Tracy, 175 Miss. 49, 60, 166 So. 340, 343; Jakup v. Lewis Grocer Co., 190 Miss. 444, 200 So. 597; West v. Aetna Ins. Co. of Hartford, Conn., 208 Miss. 776, 45 So.2d 585.' Jack Cole Co. v. Hudson, 409 F.2d 188, 192 (5th Cir. 1969).
 
 
 10
 Thus, the clear import of the decision was that where the name on a commercial vehicle involved in an accident is shown,
 
 
 11
 'a prima facie case has been established by the party in whose favor the rebuttable presumptions of ownership, agency, and scope of employment have arisen; however, such presumptions disappear if 'strong and clear' . . . or 'positive and unequivocal' . . ., or 'uncontradicted or invulnerable' . . ., or 'clear and undisputed' . . ., evidence is produced showing that the contrary is true.' Jack Cole Co. v. Hudson, 409 F.2d 188, 192 (5th Cir. 1969).
 
 
 12
 Jack Cole certainly substantiates the district court's actions here in submitting this question of agency to the jury, where the plaintiff proved the name on the side of the commercial truck and where the defendant offered no evidence whatsoever to rebut the presumptions from this evidence.
 
 
 13
 The appellants claim Jack Cole is not determinative of the issue because the decision incorrectly interpreted the Mississippi law on this point. More specifically, their argument is that the Mississippi cases cited by this Court above do not support the rule of law propounded in Jack Cole. The appellants contend that Jack Cole holds that under Mississippi law when ownership of a commercial vehicle is established, i.e. by the circumstantial evidence showing the defendant's name was on the side of the truck, then the presumptions arise (1) that the driver of the vehicle is an employee of the defendant and (2) that at the time of the accident the employee was operating the vehicle in the scope of his employment.
 
 
 14
 Contrary to Jack Cole, the appellants assert that Mississippi law requires direct proof of an agency relationship, and does not follow the majority rule that circumstantial proof of ownership, i.e. the nume on the side of a commercial truck, is prima facie evidence that the truck was being driven by an agent within the scope of his employment. It is admitted that if the agency relationship is shown by direct evidence, then the presumption arises that the agent was driving in the scope of his employment. But appellants' objection is that circumstantial proof of ownership does not establish both (1) the existence of the agency and (2) the operation within the scope of employment. Therein lies the alleged misconception of the Mississippi law as expounded by this Court in Jack Cole.
 
 
 15
 The fallacy of the appellants' argument is that Jack Cole is the law of this Court as to what the Mississippi law is dealing with this subject. We are bound by this Court's prior decisions on what is the law of a state in a diversity case, just as we are bound by prior decisions of this Court on what is federal law. Stare decisis requires that we follow our own earlier determination as to the law of a state in the absence of any subsequent change in the state law. Here there has been none. Moreover, consideration of the Mississippi cases cited by appellants convinces us that the law of the State of Mississippi was correctly announced in the Jack Cole case. The principal authority for the argument by appellants is the following language in Merchants Co. v. Tracy, supra, 166 So. at 343:
 
 
 16
 'The majority rule in this country is that proof of the ownership of the automobile is prima facie evidence that it was being driven by the agent or servant of the owner and in the course and furtherance of the master's business. This court does not follow that rule. We have held that the plaintiff must show the relationship of master and servant as existing at the time of the injury directly and not by presumption. Woods v. Clements, 113 Miss. 720, 74 So. 422, L.R.A. 1917E, 357, cited and approved in Woods v. Franklin, 151 Miss. 635, 118 So. 450; Slaughter v. Holsomback, 166 Miss. 643, 147 So. 318; Southern Bell Telephone & Telegraph Co. v. Quick, 167 Miss. 438, 149 So. 107, and Atwood v. Garcia, 167 Miss. 144, 147 So. 813.'
 
 
 17
 This quotation read in a vacuum does appear to indicate that Mississippi law requires direct proof of an agency relationship and will not condone agency presumptions based only upon a showing of ownership by circumstantial evidence, such as a name on the side of the truck. On the other hand, this quote considered in context of the entire facts in that case, and viewed in light of additional language in the Merchants Co. opinion, acquired a different meaning completely. In fact, an analysis of the entire Merchants Co. decision supports the rule of law that presumptions of agency relationship and scope of employment in the operation of commercial trucks can arise simply upon a showing of the ownership of the vehicle by circumstantial evidence.
 
 
 18
 To illustrate, the truck in Merchants Co. struck plaintiffs' vehicle and did not stop. The plaintiff driver testified that the truck was red with a big 'M' in a circle painted on its side. Later that night the driver called Merchants Co. to inquire whether one of its trucks was out on a specific route. The Manager answered 'yes,' but hung up when told of the accident and when further asked what color the truck was. One witness testified that he heard a noise at the foot of the hill, that immediately thereafter a truck with a big 'M' on it passed his home, and that the truck was the property of the Merchants Co. which ran by his home every few days delivering goods. Another witness observed a red truck with a big 'M' being loaded that night and saw it later near the scene of the accident. Other testimony confirmed that the Merchants Co. had a red truck with a big 'M' in the vicinity of the accident on the night in question. The defendant claimed that the court should have directed a verdict on the basis that the proof failed to show that it owned the truck in the collision, that the truck was being operated by its agent at the time of the accident, and that the truck was being operated in the scope of the employment at the time of the accident.
 
 
 19
 Affirming the submission of the agency issue to the jury, the Mississippi Supreme Court concluded in Merchants Co., supra, 166 So. at 342, 343:
 
 
 20
 'We are of the opinion that the court properly submitted all these questions of fact to the jury upon specific and proper instructions. It will be observed that the appellee's witnesses were positive that the truck involved in the collision was a red one; two of the witnesses stated that it was appellants' truck; three of them testified that it carried appellants' insignia, the big M in a circle. Two other witnesses testified that on the date of this accident the appellant was operating a red truck in and out of Magee. The evidence is circumstantial, but when we consider the fact that a truck of this description, which had been loaded from the warehouse of appellant at Magee, was driven North from Magee toward Mendenhall and was tracked to within one mile of the scene of the collision, we think reasonable men of fair intelligence would be justified in reaching the conclusion that the truck was owned by the appellant, and this is especially true in view of the fact that the truck involved was a commercial truck, and the Merchants Company was using such a truck for the purpose of delivering its goods to its customers in Mendenhall and north thereof.
 
 
 21
 'Was the jury warranted in finding from these facts that the truck was being driven by the agent or servant of appellant? On this question we would be confronted with difficulty if the instrumentality was an automobile instead of a commercial truck . . ..'
 
 
 22
 Finally, after the portion of the decision quoted by the appellants regarding direct proof of agency relationships, the Mississippi court continued:
 
 
 23
 'In Woods v. Clements, and the other cases approving it, a consideration of the question of the difference between commercial trucks or passenger busses operating for hire and automobiles generally used by the majority of our citizens was not before the court. We think there is quite a difference in the consideration of circumstantial evidence as applied to the one in the contradistinction to the other. We think that we have demonstrated that the circumstances here warranted the jury in finding that the truck was being driven by the servant of the master in the course and furtherance of the master's business.'
 
 
 24
 Contrary to appellants' assertion, it appears the Merchants Co. opinion, when reviewed in its entirety, expressly permits proving by circumstantial evidence agency relationship and scope of employment, when commercial trucks are involved as opposed to commercial or private automobiles. The decision allowed the proof of the ownership of a commercial truck by circumstantial evidence to create a factual issue regarding the agency relationship for the jury. In addition, the court in Merchants Co. expressly stated that there was only circumstantial evidence presented on the proof of the agency relationship; nonetheless, the court found no error in the-submission of that case to the jury. This holding is totally inconsistent with the rule of law that the appellants attribute to Merchants Co., i.e., that agency relationships must be proved by direct evidence in Mississippi. The Merchants Co. court may imply that direct proof remains necessary as to accidents concerning vehicles other than 'commercial trucks and busses for hire,' which we need not decide now, but it also embodies the rule, not contravening prior Mississippi cases,[1] that agency may be proved by circumstantial evidence when commercial trucks are involved. Moreover, two recent Mississippi Supreme Court cases support our analysis of the holding in Merchants Co. See Hobbs v. International Paper Co., 203 So.2d 488 (Miss.1967), and Bynum v. Mandrel Industries, Inc., 241 So.2d 629, 631-632 (Miss.1970).
 
 
 25
 Bound by these cases in this diversity suit, we determine that, at least when commercial trucks are involved, the Mississippi law allows agency relationships to be proved by circumstantial evidence. Moreover, when the circumstantial evidence of a defendant's name on an offending commercial truck is shown, rebuttable presumptions arise that the truck is owned by the defendant and that the operator of the truck is an employee of defendant, and was, at the time of the accident, engaged in the scope of his employment.
 
 
 26
 In an alternative contention, the appellants assume for the sake of argument that the Mississippi Supreme Court in Hobbs v. International Paper Co., supra, held that circumstantial evidence could be considered in determining the existence of an agency relationship. However, Hobbs is distinguished because the name 'Tillman' on the door of the truck was not the only circumstantial evidence, but instead other testimony showed that after the accident Tillman attempted to give a bill of sale for the truck to Gilmore and that Tillman bought a license tag for the truck in Gilmore's name. Contrariwise the appellants urge that in the case at bar there was only one item of circumstantial evidence, the name on the door of the truck, 'Harold Shaffer Leasing Company.' It is pointed out that the insurance policy gave as insureds not only the Shaffer name, but also 'Fiat Roosevelt Motors, Inc.' This, asserts the appellant, creates the possibility Fiat Roosevelt Motors was the owner and negates any circumstantial evidence in favor of the alleged agency to be drawn from this policy. In addition, the name of the insureds on the draft that was issued appeared as 'Shaffer Leasing Co., et al.'; similarly this implied other parties were involved. These two items arguably could support or negate the existence of the appellant as the owner of the truck.
 
 
 27
 Even so, we do not feel that this case falls short of establishing circumstances which would make it possible to submit the agency issue in this case to the jury. It is nothing short of amazing that the plaintiffs did not employ discovery devices at their disposal to further clarify this matter. Also, it would have been very simple for the defendants to submit evidence that could have conclusively established that Ferrell was not their agent acting within the scope of his employment if such had been the fact.
 
 
 28
 But under the present posture of the evidence, we are compelled to agree with Jack Cole that a showing of a defendant's name on a commercial truck, accompanied by the potentially corroborative evidence relating to the insurance draft and the exhibition of the insurance policy to Newell, is sufficient under Mississippi law to raise the presumptions that the driver was an agent of this company operating the vehicle within the scope of employment. The weight of the insurance policy and draft was for the jury. Therefore, the testimony of Newell about the name on the side of the offending truck, together with permissible inferences that could be drawn from the insurance company's response to the accident, and together with the presumptions that this evidence raises, warranted the district court's submission of the agency issue to the jury.
 
 
 29
 The only remaining problem concerns the structure of the decision as currently cast against 'Ahrold Shaffer Leasing Co., Inc., Harold Shaffer, Individually, and Harold Shaffer, d/b/a Harold Shaffer Leasing Co.' The case was properly submitted to the jury against 'Harold Shaffer, d/b/a Harold Shaffer Leasing Co.,' since the name of the truck and the insurance policy was 'Harold Shaffer Leasing Company' and the name on the insurance draft was 'Shaffer Leasing Co., et al.' However, there was no evidence involving a corporation by the name of 'Harold Shaffer Leasing Co., Inc.' or a 'Harold Shaffer, Individually,' and the court should have directed a verdict in favor of those defendants.
 
 
 30
 Court Correctly Admitted Insurance Draft In Evidence
 
 
 31
 On this appeal the appellants contend that the trial court improperly admitted in evidence a draft received from an insurance company (not named) for the precise amount which the plaintiff Newell had been billed for repair of damages to his automobile. This draft identified the date of the accident as the date on which Mr. Newell was struck by the truck in question. It also showed as the named insured 'Shaffer Leasing Co., et al.' The only objection made at the time of trial to the introduction of this draft was that it would inject the fact of the existence of insurance into the case and that the issuance of such a draft by the same insurance company whose policy had been shown to the plaintiff would not be relevant to the issue of agency or ownership.
 
 
 32
 During the entire colloquy with the trial court the draft was dealt with as if it had named only 'Shaffer Leasing Co.' and the further designation 'et al.' was not mentioned. No objection was made on the ground that the inclusion of the suggestion that there were other insureds would cast such doubt upon the otherwise permissible inferences as to make the evidence inadmissible. It is only on appeal that the appellant now argues that the presence of these added symbols indicating possible other ownership destroys the value of the draft as evidence in the case.
 
 
 33
 In view of the fact that no objection was made to the admission of the draft in evidence on the particular point which is now relied upon by the appellants we must consider the case as if the draft showed on its face only that 'Shaffer Leasing Co.' was the named insured. Such an objection was properly overruled, because it is clear that several Mississippi decisions support the proposition that such a draft may be admitted for the sole purpose of bearing on the issue of ownership and agency. Luke Construction Co. v. Jernigan, 252 Miss. 9, 172 So.2d 392, 393 (1965); Long-Bell Lumber Sales Corp. v. Perritt, 178 Miss. 194, 172 So. 747, 749 (1937); Pan American Petroleum Corp. v. Pate, 157 Miss. 822, 126 So. 480, 482 (1930).
 
 
 34
 As to the matter of bringing insurance coverage into the case, the appellant cannot complain of this because the existence of the insurance was initially brought to the jury's attention by appellants' cross examination of Newell at which time Newell testified that he was shown an insurance policy by Ferrell, the driver of the truck. No objection was, or could be, made to this evidence because it was brought out by defendants' counsel. Moreover, the trial court properly instructed the jury to consider the insurance evidence only in determining the question of agency and not to give it any weight in determining liability or damages.
 
 
 35
 The judgment is affirmed as to Harold Shaffer, d/b/a Harold Shaffer Leasing Co. and reversed as to Harold Shaffer Leasing Co., Inc. and Harold Shaffer, Individually.
 
 
 
 [1]
 The Mississippi cases prior to Merchants Co. holding that agency relationships must be proved by direct evidence had involved either commercial or private automobiles as the offending vehicles, and not commercial trucks. See Southern Bell Telephone & Telegraph Co. v. Quick, 167 Miss. 438, 149 So. 107 (1933) (commercial auto); Atwood v. Garcia, 167 Miss. 144, 147 So. 813 (1933) (private auto); Slaughter v. Holsomback, 166 Miss. 643, 147 So. 318 (1933) (private auto); Woods v. Franklin, 151 Miss. 635, 118 So. 450 (1928) (private auto); Woods v. Clements, 113 Miss. 720, 74 So. 422 (1917) (private auto). This appears to clarify why the Merchants Co. court stated that it would have been presented with difficulty had the offending instrumentality been an automobile instead of a commercial truck