Diana BROUSSARD, Individually and as Administratrix of the Estate of Roy A. Broussard, Deceased, Plaintiff-Appellant,

v.

SOUTHERN PACIFIC TRANSPORTATION COMPANY, Defendant-Appellee.

No. 78–3734.

United States Court of Appeals, Fifth Circuit.*

Jan. 25, 1982.

Franklin D. Houser, Stephen F. Lazor, San Antonio, Tex., for plaintiff-appellant.

Matthews, Nowlin, MacFarlane & Barrett, Ferd. C. Meyer, Jr., Howard P. Newton, San Antonio, Tex., for defendant-appellee.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Before GODBOLD, Chief Judge, BROWN, CHARLES CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN, VANCE, KRAVITCH, FRANK M. JOHNSON, Jr., GARZA, HENDERSON, POLITZ, HATCHETT, ANDERSON, RANDALL, TATE, SAM D. JOHNSON, THOMAS A. CLARK, WILLIAMS and GARWOOD, Circuit Judges.**

SAM D. JOHNSON, Circuit Judge:

In this Texas diversity suit, plaintiff Broussard seeks recovery of actual and punitive damages against defendant Southern Pacific Transportation Company (Southern Pacific) for the death of her husband, which occurred when a boxcar on a train operated by Southern Pacific derailed and tumbled from an overpass onto decedent's automobile. Following extensive discovery, the district court granted a partial summary judgment in favor of Southern Pacific on Broussard's allegation of gross negligence. This Court granted leave for Broussard to take an interlocutory appeal from the district court's order, 28 U.S.C. § 1292(b), and reversed the district court's order on the ground that Broussard had raised a fact issue on the question of Southern Pacific's gross negligence. Finding a conflict in the decisions of this Court concerning the proper standard of gross negligence under Texas law, see Maxey v. Freightliner Corp., 623 F.2d 395 (5th Cir. 1980), the Court voted to reconsider both Maxey and the present case en banc, 634 F.2d 1008, thereby vacating the panel opinions in both cases. See Fifth Circuit Local Rule 17.

The facts of this case are recited in the panel opinion, 625 F.2d 1242 (5th Cir. 1980), and only so much thereof as necessary will be repeated herein. A Southern Pacific train composed of 132 cars left West Coulton, California, on August 2, 1976. The train was bound for Corsicana, Texas, where Southern Pacific planned to pass the train on to the St. Louis, Southwestern Railway Company. In San Antonio, before reaching Corsicana, the train experienced a malfunction of the air brake system, causing a sudden unintended application of the emergency air brakes. This unintended application of the brakes caused the train to derail on the Roosevelt Avenue Overpass, sending one of the train's boxcars off the overpass and onto Roy Broussard's automobile. Plaintiff Diana Broussard thereupon filed the present suit in December 1976 for actual and exemplary damages.

Plaintiff relies upon two principal grounds for her claim of exemplary damages: (1) that when Southern Pacific intended to pass trains or railroad cars on to another railroad line, as on the occasion in question, Southern Pacific did not bother to correct any brake malfunctions; and (2) that Southern Pacific's employees were ordered to arrange cars as quickly as possible in order to minimize costs and save time, thereby arranging cars without any regard to load distribution. Following discovery, which proceeded over an eighteen month period, Southern Pacific filed a motion for partial summary judgment on the issue of gross negligence. Following a hearing, the district court concluded that there was no genuine issue of material fact, and granted Southern Pacific's motion. The district court did not assign reasons for its decision. Also finding, however, that an immediate appeal would materially advance the ultimate termination of the litigation, the district court certified the issue as one appropriate for interlocutory appeal, and this Court granted Broussard leave to appeal from the district court's interlocutory order.

In support of the district court's decision, Southern Pacific argues on appeal that, under the Texas standard of gross negligence, a plaintiff must prove an "entire want of care" on the defendant's part, and that a showing of even "slight care" by a defendant automatically negates a finding of gross

---

** Judge Robert A. Ainsworth, Jr., was a member of the Court who participated in the consideration of this case en banc, but his death occurred before the case was decided. Judge Thomas M. Reavley recused himself and did not participate in the consideration of this case.

negligence. *See Sheffield Division, Armco Steel Corp. v. Jones*, 376 S.W.2d 825 (Tex. 1964). *See also Hernandez v. Smith*, 552 F.2d 142 (5th Cir. 1977); *Ballenger v. Mobil Oil Corporation*, 488 F.2d 707 (5th Cir.), *cert. denied*, 416 U.S. 986, 94 S.Ct. 2390, 40 L.Ed.2d 763 (1974). Consequently, Southern Pacific argues that because it adduced summary judgment evidence of "slight care," Broussard's claim for gross negligence is precluded as a matter of law. Conversely, Broussard argues that the Texas cases do not support the broad proposition that a showing of some care, no matter how slight, automatically precludes a finding of gross negligence, and that the essential inquiry in a gross negligence case is not whether the defendant's conduct evinced "some care" or "slight care," but rather whether the defendant's conduct, when considered in light of the surrounding circumstances, demonstrates a conscious indifference to the rights and welfare of others. Relying upon the then-most recent Texas Supreme Court decision in this area, *Atlas Chemical Industries, Inc. v. Anderson*, 524 S.W.2d 681 (Tex.1975), the panel agreed with Broussard's argument, and, finding that Broussard had produced adequate summary judgment evidence to raise a fact issue of whether Southern Pacific acted with conscious indifference, reversed the district court's order granting summary judgment in Southern Pacific's favor. In so holding, however, the panel embraced an interpretation of Texas law in conflict with that adopted by an earlier divided panel of this Court in *Maxey v. Freightliner Corp.*, 623 F.2d 395 (5th Cir. 1980).

In *Maxey*, the panel majority affirmed the district court's entry of judgment n.o.v. on the jury's verdict of defendant's gross negligence. In so holding, the panel majority agreed with the district court that plaintiff's failure to prove an entire want of care on defendant's part precluded a finding of gross negligence under Texas law. 623 F.2d at 399. In the present case, the panel acknowledged *Maxey*, as well as the earlier decision of this Court in *Hernandez v. Smith*, 552 F.2d 142 (5th Cir. 1977), but concluded that because neither *Maxey* nor

*Hernandez* discussed *Atlas Chemical*, the latest decision of the Texas Supreme Court in this area, this Court's obligation under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) to apply in diversity cases the law of the forum state as interpreted by its highest court, even if inconsistent with prior decisions of this Court, required an interpretation of Texas law contrary to that applied in *Maxey* and *Hernandez*. *See* 625 F.2d at 1245–46 n.3.

The general rule in this Circuit is that one panel cannot overrule another panel. *Wilson v. Taylor*, 658 F.2d 1021, 1034 (5th Cir. 1981); *In re Corrugated Container Antitrust Litigation*, 647 F.2d 460, 461 (5th Cir. 1981); *United States v. Tibbets*, 646 F.2d 193, 195 (5th Cir. 1981); *Hernandez v. City of Lafayette*, 643 F.2d 1188, 1192–93 (5th Cir. 1981). This rule applies with equal force to cases in which state law supplies the substantive rule of decision: "We are bound by this Court's prior decisions on what is the law of a state in a diversity case, just as we are bound by prior decisions of this Court on what is federal law." *Newell v. Harold Shaffer Leasing Co.*, 489 F.2d 103, 107 (5th Cir. 1974). Moreover, a prior panel decision "should be followed by other panels without regard to any alleged existing confusion in state law, absent a subsequent state court decision or statutory amendment which makes this Court's [prior] decision clearly wrong." *Lee v. Frozen Food Express, Inc.*, 592 F.2d 271, 272 (5th Cir. 1979). Simply stated, *"[s]tare decisis* requires that we follow our earlier determination as to the law of a state in the absence of any subsequent change in the state law." *Newell v. Harold Shaffer Leasing Co.*, 489 F.2d at 107. Accord: *Lubbock Feed Lots, Inc. v. Iowa Beef Processors*, 630 F.2d 250, 261 (5th Cir. 1980).

In the case *sub judice*, the "prior panel decisions" are *Maxey v. Freightliner Corp., supra*, and *Hernandez v. Smith, supra*. Although the panel in the present case declined to follow *Maxey* and *Hernandez* on the ground that both of those decisions failed to address *Atlas Chemical*, it is clear

that both *Maxey* and *Hernandez* were decided *after Atlas Chemical*, and therefore represented the controlling law of this Circuit. Moreover, the *Maxey* panel was aware of *Atlas Chemical*. *See* 623 F.2d at 401. Although the failure of a prior panel to consider an apparent change in state law of which it was aware may indicate the necessity for reconsideration by this Court sitting *en banc*, such a failure does not open the door for a subsequent *panel* to reconsider the prior panel's decision. Consequently, inasmuch as Broussard cited to the panel in this case no post-*Maxey* Texas decisions, or other changes in Texas law, which would call into question the interpretation of Texas law applied in *Maxey*, that interpretation was binding on the panel in the present case, and the panel erred in declining to follow it.

■ As noted *supra*, however, the panel opinion in *Maxey* subsequently was vacated by this Court's decision to consider that case *en banc*. Moreover, a decision of the Texas Supreme Court, which was issued after both *Maxey* and the present case were voted *en banc*, has expressly rejected the "some care" test applied by the district court in *Maxey*, and argued for by Southern Pacific in the case *sub judice*. *See Burk Royalty Co. v. Walls*, 616 S.W.2d 911 (Tex.1981). Inasmuch as this Court is remanding *Maxey* for reconsideration in light of *Burk Royalty*, we conclude that such a disposition also is appropriate in the present case. Consequently, we vacate the district court's order granting summary judgment in favor of Southern Pacific on Broussard's claim of gross negligence, and remand for reconsideration in light of both *Burk Royalty* and this Court's en banc decision in *Maxey*, also decided this day.

VACATED AND REMANDED.

GARWOOD, Circuit Judge, concurring.

I concur in the result for the reasons stated in my concurring opinion in *Maxey v. Freightliner Corp.*

GEE, Circuit Judge, with whom RONEY, TJOFLAT, JAMES C. HILL, ALVIN B. RUBIN, VANCE, POLITZ and RANDALL, Circuit Judges, join, dissenting:

While I fully agree with the majority's careful and correct discussion of the stare decisis point, I am unable to agree with its treatment of Texas substantive law for reasons set out in my dissent from *Maxey v. Freightliner Corp.*, 665 F.2d 1367 (5th Cir. 1981) (en banc), handed down today. Nor, since I think I know a contradiction when I see one, can I concur in the majority's logical proposition—crucial to its disposition of both this case and *Maxey*—that where "some care" is shown there still may be "an entire want of care." Indeed, I fancy that such suggestions demonstrate why the law is viewed by laymen as mysterious.