IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-60768
Summary Calendar

ERASTO BONILLA-TORRES; ETHEL BONILLA-TORRES

Plaintiffs-Appellants

v.

WAL-MART TRANSPORTATION LLC

Defendant-Appellee

Appeal from the United States District Court for the
Southern District of Mississippi
USDC No. 1:07-CV-928

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Erasto and Ethel Bonilla-Torres appeal the district court's grant of summary judgment in favor of Defendant-Appellant Wal-Mart Transportation LLC, on their state law negligence claim arising out of a traffic accident involving an unidentified tractor that was towing a trailer bearing Defendant's logo. Reviewing Plaintiffs' claim de novo, Markos v. City of Atlanta, 364 F.3d 567, 570 (5th Cir. 2004), we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiffs contend that Defendant failed to overcome a presumption that its employee drove the tractor that caused the accident. Under Mississippi law, "[o]ne who engages an independent contractor is not responsible for torts committed by the contractor." Conley v. Warren, 797 So.2d 881, 883 (Miss. 2001). However, Mississippi courts recognize a rebuttable presumption that a commercial truck involved in an accident and that bears the defendant's name is owned by the defendant and is operated by the defendant's employee in the scope of his employment. See Newell v. Harold Shaffer Leasing Co., 489 F.2d 103, 109 (5th Cir. 1974). In this case, the uncontroverted affidavit testimony of Defendant's senior systems manager, substantiated by the company's global positioning and messaging data for its tractors on the date in question, reflects that none of Defendant's employee-driven tractors was near the location of the accident when it occurred. The manager further explained Defendant's practice of hiring independent trucking companies to haul its trailers. This uncontradicted testimony not only established that the tractor in question did not belong to Defendant, as Plaintiffs concede, but also would clearly rebut any presumption that an employee of Defendant was driving the tractor at the time of the accident. See Jack Cole Co. v. Hudson, 409 F.2d 188, 192 (5th Cir. 1969) (noting that the presumption of ownership and agency disappears upon showing of strong and clear, or positive and undisputed evidence to the contrary). Because Plaintiffs failed to raise a genuine issue of material fact regarding Defendant's vicarious liability for the accident, the district court properly granted summary judgment in favor of Defendant.

AFFIRMED.