## In re CORRUGATED CONTAINER ANTITRUST LITIGATION.

### Appeal of John W. CULY.

### No. 81–2145.

United States Court of Appeals,
Fifth Circuit.
Unit A

May 22, 1981.

Rehearing and Rehearing En Banc
Denied June 17, 1981.

Karon, Morrison & Savikas, Steven P. Handler, Richard Arthur Sloan, George Vernon, Chicago, Ill., for appellant.

Mandell & Wright, Stephen D. Susman, Houston, Tex., for Chairman of Steering Committee.

Freeman, Rothe, Freeman & Salzman, Jerrold Salzman, Albert F. Ettinger, Chicago, Ill., for opt-out plaintiffs.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

PER CURIAM:

The contemnor-appellant, John W. Culy, appeals the district court's order finding him in contempt. Precedent compels the conclusion that we lack jurisdiction. The appeal is dismissed.

In connection with an investigation into the alleged antitrust conspiracy in the corrugated container industry, Culy was interviewed by the F.B.I. in Dallas, Texas, on October 11, 1977. At this meeting, Culy was given an oral assurance that he would not be prosecuted with the information gleaned from his interview. Over the next few years, several civil antitrust class actions were filed, consolidated in Houston, Texas, and settled. Some plaintiffs opted out of the class and are still pursuing their claims.

Culy was given notice to appear for a deposition on April 3, 1981, pursuant to an outstanding order of the district court requiring parties in the multi-district opt-out cases to make their employees available for deposition. Culy appeared, but refused to answer several questions, claiming his fifth amendment privilege against self-incrimination. Judge Singleton, presiding over the deposition pursuant to 28 U.S.C. § 1407(b) and by means of a telephonic hookup, ordered Culy to answer the questions. Culy refused. Judge Singleton held Culy in contempt, fined him $5,000, and ordered him

confined for six months or until he answered the questions. Judge Singleton also stayed his contempt order pending this appeal.

■ As both parties recognize, when Judge Singleton entered his order of contempt, he was acting as a district judge sitting in the District of Columbia. The opt-out plaintiffs-appellees argue that this means the Court of Appeals for the District of Columbia Circuit, and only that court, has jurisdiction of this appeal. Just as it is for that court to decide whether it has jurisdiction, it is for this court to decide whether we do. That question has been decided for us.

*In re Corrugated Container Antitrust Litigation, Appeal of Fleischacker,* 620 F.2d 1086 (5th Cir. 1980) controls this appeal. Fleischacker, one of three contemnors involved in that proceeding, had refused to answer questions at his deposition in New York City. Judge Singleton, again presiding telephonically over a distant deposition pursuant to 28 U.S.C. § 1407(b), found Fleischacker in contempt. This court held that we lacked jurisdiction to hear Fleischacker's appeal because (1) the contempt order was entered while Judge Singleton was "exercising the powers of a district judge of the District Court for the Southern District of New York," and (2) this circuit does not 'embrace that district' within the meaning of 28 U.S.C. § 1294. *Fleischacker,* 620 F.2d at 1090–91. Culy tries to distinguish his appeal from Fleischacker's on the basis that Fleischacker was deposed pursuant to a subpoena issued by the District Court for the Southern District of New York, while Culy appeared pursuant to an order directed to the parties by the District Court for the Southern District of Texas and was not subpoenaed at all. This slight factual variation does distinguish the legal underpinning of *Fleischacker.*

■ At oral argument in this court, counsel for Culy placed his entire jurisdictional argument on the premise that Culy was a party or the managing agent of a party. Culy argued in the district court that he was a party and thus subject to the district court's jurisdiction without the benefit of § 1407(b), apparently relying on Fed.R. Civ.P. 37(a)(1). The district court rejected this notion and so do we. Culy is not a party to this litigation. He voluntarily appeared at his deposition as an accommodation to his employer (who was a party defendant) to fulfill its promise to cause its employees to be made available at designated deposition sites. Such voluntary acts do not convert employees to parties. In this court, Culy argues that he is subject to the jurisdiction of the Southern District of Texas as the managing agent of a party, citing Fed.R.Civ.P. 37(b)(2). This argument comes too late. The only theory advanced by Culy in the district court to support his "party" contention was that working for a party who procured his appearance made him a party. However, plaintiffs' notice of deposition relied on Order No. 47 of the district court which provided in part for depositions of non-parties. Judge Singleton's order invokes his powers under § 1407(b) to sit as a District of Columbia district judge and recites that Culy is a non-party witness. Culy did not claim that he was the managing agent of a party in the district court. We will not entertain issues on appeal which were not presented to the trial court except to prevent a miscarriage of justice. *Stuckey v. Stynchcombe,* 614 F.2d 75, 77 (5th Cir. 1980); *Martin Oil Co. v. Gulf Insurance Co.,* 605 F.2d 197, 199 (5th Cir. 1979).

■ While Culy's arguments are not without force, this panel may not reconsider or overrule a decision of a prior panel. *Branch v. Phillips Petroleum Co.,* 638 F.2d 873, 877 (5th Cir. 1981); *United States v. Alfrey,* 620 F.2d 551, 555 (5th Cir. 1980). Because *Fleischacker* compels the holding that we lack jurisdiction over this appeal under 28 U.S.C. § 1294, the appeal is

DISMISSED.