### In the Matter of ORTHOPEDIC BONE SCREW PRODUCTS LIABILITY LITIGATION (MDL No. 1014)

**Thomas J. Flatley, et al., Petitioners.**

Nos. 96–1268, 96–1269, 96–1307 and 96–1437.

United States Court of Appeals, Seventh Circuit.

Submitted March 1, 1996.

Decided March 18, 1996.

Christopher P. Riordan (submitted), Crivello, Carlson, Mentkowski & Steeves, Milwaukee, WI, for Thomas J. Flatley, M.D., James E. Stoll, M.D., Stephan Delahunt, M.D., Christopher Van Saders, M.D., Michael Major, M.D., James Cain, M.D., David Mellencamp, M.D., David Jones, M.D. and James Manz, M.D.

Ronald S. Goldser, Zimmerman & Reed, Minneapolis, MN, Thomas J. Arenz, Whyte Hirschboeck Dudek, Milwaukee, WI, Arnold Levin, Philadelphia, PA, Lawrence A. Mann, Leake & Anderson, New Orleans, LA, for Orthopedic Bone Screw Product Liability Litigation in Nos. 96-1268, 96-1269 and 96-1307.

Charles J. Hausmann, Hausmann & McNally, Milwaukee, WI, Ronald S. Goldser, Zimmerman & Reed, Minneapolis, MI, Louis Gottleib, Goodkind, Labaton, Rudoff & Sucharow, New York City, Thomas J. Arenz, Whyte Hirschboeck Dudek, Milwaukee, WI, Arnold Levin, Philadelphia, PA, for Orthopedic Bone Screw Product Liability Litigation in No. 96-1437.

Before FLAUM, EASTERBROOK, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Plaintiffs in product-liability cases that are consolidated for pretrial proceedings before Judge Bechtle in the Eastern District of Pennsylvania sought to take third-party depositions in the federal courts of Wisconsin. The potential witnesses applied for protective orders, and each judge transferred the motion to the Eastern District of Pennsylvania

for decision. The potential witnesses, contending that they have a right to a decision in their home jurisdiction, ask us to issue writs of mandamus.

 It is not clear to us that any provision in the Judicial Code or the Rules of Civil Procedure allows a district judge to transfer a particular motion for decision elsewhere. Whole cases may be transferred under 28 U.S.C. § 1404, and the Panel on Multidistrict Litigation may transfer pretrial matters to a single court under 28 U.S.C. § 1407. Neither provision applies to a motion for a protective order. Still, writs of mandamus concerning discovery issues are as rare as hen's teeth, see *Kerr v. United States District Court*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *Powers v. Chicago Transit Authority*, 846 F.2d 1139 (7th Cir.1988), used only to control usurpations of power. Mandamus is not an appropriate device to correct an error of nomenclature, which we think these "transfers" to be. The Eastern District of Pennsylvania is authorized to act on the motions for protective orders, and the district judges in Wisconsin are free to stay local proceedings and then to abide by the decision of the district court in Pennsylvania.

A judge hearing consolidated pretrial proceedings is authorized to "exercise the powers of a district judge *in any district* for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(b) (emphasis added). Judge Bechtle therefore is entitled to exercise all of the powers of a judge in the Eastern or Western District of Wisconsin. We read the "transfer" orders as inviting him to do so. Requests of this kind are wholly proper; mandamus is not justified. See also Federal Judicial Center, Manual for Complex Litigation § 31.132 (3d ed. 1995).

 Rule 26(c), which deals with protective orders, likewise contemplates that two district courts may be entitled to act on a motion for a protective order.

Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, *the court in which the action is pending* or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....

Fed.R.Civ.P. 26(c) (emphasis added). See also Fed.R.Civ.P. 30(d). These actions are "pending" before Judge Bechtle. The district judges in Wisconsin could grant or deny protective orders under the "alternatively" phrase immediately following the italicized language, but they also possess discretion to defer to the judge handling the case on the merits. The Committee Notes to the 1970 amendments, which introduced this language, support this understanding. See also Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, 8 *Federal Practice and Procedure* § 2035 at 482–83 (2d ed.1994). Perhaps Rule 26(c) fits awkwardly with cases transferred, as § 1407(a) provides, for "consolidated pretrial proceedings". After the pretrial phase is over, "[e]ach action ... shall be remanded by the panel ... to the district from which it was transferred". *Ibid.* If "the court in which the action is pending" for purposes of Rule 26(c) is the court that will decide the case on the merits, the transferee judge may not qualify. But then § 1407(b) comes to the fore, authorizing Judge Bechtle to act on the motions for protective orders.

 A principal purpose of § 1407 is to allow one judge to take control of complex proceedings, the better to avoid unnecessary duplication in discovery. Judge Bechtle is much better situated than is any of the three district judges in Wisconsin to know whether the depositions plaintiffs seek to take, and the questions they propose to ask, are appropriate, cost-justified steps toward resolution of the litigation. So the district judges in Wisconsin acted wisely, as well as within their power, in calling on Judge Bechtle to handle the motions for protective orders. This does not require anyone to travel; lawyers can send the motions to Pennsylvania on paper, and the *Manual for Complex Litigation* suggests that the judge hear argument

by telephone to curtail travel costs. There is no reason why arguments about these depositions should be held in Madison or Milwaukee, when Philadelphia is equally accessible for all practical purposes. It is no less accessible than Chicago, where the petitions for mandamus were filed.

The petitions for mandamus are denied.