**Keith M. KEARNEY, As Custodian For John Hunter KEARNEY and Baker Kearney, Individually and Derivatively on Behalf of Perrigo Company, Plaintiff,**

v.

**Michael J. JANDERNOA, et al., Defendants, Perrigo Company, Nominal Defendant.**

No. 97 C 1559.

United States District Court, N.D. Illinois, Eastern Division.

May 9, 1997.

James L. Thompson, Brian J. Masternak, Jenner & Block, Chicago, IL, for Anton Valukas.

## MEMORANDUM OPINION AND ORDER

KEYS, United States Magistrate Judge.

The discovery dispute before this Court stems from a derivative action currently pending in the United States District Court for the Western District of Michigan, before District Judge Gordon J. Quist, captioned *Kearney v. Jandernoa*, case number 1:95–CV–823. On or about February 25, 1997, Plaintiff served Anton R. Valukas, an attorney at the Chicago, Illinois law firm of Jenner & Block, with a subpoena duces tecum pursuant to Federal Rule of Civil Procedure 45(a)(3). The subpoena was issued by the United States District Court for the Northern District of Illinois, Eastern Division. That subpoena seeks the production of certain documents, in connection with the underlying Michigan litigation.

■ On March 7, 1997, Mr. Valukas filed two motions: a motion to quash the subpoena, or, in the alternative, for a protective order; and a motion to transfer "all issues related to plaintiff's efforts to seek production of documents from Anton Valukas" to the United States District Court for the Western District of Michigan. (Non–Party Anton Valukas' Motion to Transfer to the Western District of Michigan, at 5.) Plaintiff, the subpoenaing party, does not oppose Mr. Valukas' motion to transfer. In fact, Plaintiff totally agrees that the issues raised in Non–Party Anton Valukas' Motion to Quash Subpoena or, in the Alternative, for Protective Order, should be determined by the Michigan court. (Response to Anton Valukas' Motions to Transfer to the Western District of Michigan and Motion to Quash or in the Alternative Protective Order, at 1.)

Nonetheless, this Court cannot transfer the motion. Despite several non-controlling cases which apparently recognize a discretionary authority to transfer discovery motions to the forum where the underlying litigation is proceeding,[1] the Seventh Circuit

---

1. See *In re Subpoenas Duces Tecum to: Schneider Nat'l Bulk Carriers, Inc.*, 918 F.Supp. 272, 273 (E.D.Wis.1996) (quoting 9A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2463 at 79 (1995) (" 'it is within the discretion of the court that issued the subpoena to transfer motions involving the subpoena to the district in which the action is pending.' ")); *see also Pactel Personal Communications v. JMB Realty Corp.*, 133 F.R.D. 137 (E.D.Mo.1990).

The Court also notes that on April 11, 1997, the United States District Court for the Western District of Tennessee, Western Division, granted an apparently similar motion to transfer (to the Michigan court) filed by another subpoenaed non-party in the same case. (Non–Party Anton R. Valukas' Reply in Support of his Motion to Transfer to the Western District of Michigan and Motion to Quash or, in the Alternative, for Protective Order, at Ex. A.)

disapproved of that practice in *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 79 F.3d 46 (7th Cir.1996).

In that case, the Seventh Circuit explained that motions, or parts of motions, cannot be transferred. *Orthopedic Bone*, 79 F.3d at 48. The plaintiffs in a multidistrict litigation, which was consolidated for pretrial proceedings in the United States District Court for the Eastern District of Pennsylvania, sought to take third-party depositions in the federal courts of Wisconsin. *Id.* at 47. The potential witnesses then applied for protective orders and all recipient Wisconsin judges transferred those motions to the presiding judge in Pennsylvania for decision. *Id.* at 47–48. The potential witnesses contended that the decisions should, instead, be made in their home jurisdiction, and sought writs of mandamus from the Seventh Circuit. *Id.* at 48.

With regard to those transfers, the Seventh Circuit stated that "[i]t is not clear to us that any provision in the Judicial Code or the Rules of Civil Procedure allows a district judge to transfer a particular motion for decision elsewhere." *Id.* at 48. Although "[w]hole cases may be transferred under 28 U.S.C. § 1404, and the Panel on Multidistrict Litigation may transfer pretrial matters to a single court under 28 U.S.C. § 1407 .... [n]either provision applies to a motion for a protective order."[2] *Id.* The Seventh Circuit described the motion "transfers" as "an error of nomenclature".[3] *Orthopedic Bone*, 79 F.3d at 48.

■ The Seventh Circuit suggested that the proper "nomenclature" in such a situation

is to "stay local proceedings and then abide by the decision of the district court [in which the underlying action is pending]." *Id.* Here, however, the Michigan judge cannot decide the protective order issues at this time, because this case, unlike *Orthopedic Bone*, is not a consolidated multidistrict matter, and the motion for protective order has not yet been filed in the Michigan court.[4]

Notwithstanding this Court's determination that it would be an "error of nomenclature" to grant the motion to transfer, the Court finds that the Michigan court is in the best position to determine the appropriateness of the request for production and the opposing request for a protective order with respect to Mr. Valukas. Clearly the parties agree. Additionally, a resolution by the Michigan court will foster uniformity and judicial economy.

Thus, Mr. Valukas shall file, forthwith, a motion for protective order with the Michigan court. This Court will stay its ruling on the motion to quash/protective order pending the Michigan Court's decision. Immediately upon entry of the Michigan court's ruling on the protective order, that ruling shall be filed with this Court by Mr. Valukas. Thereafter, this Court will vacate the stay and issue a ruling not inconsistent with the ruling of the Michigan court. In the event that Mr. Valukas fails to timely file a motion for protective order with the Michigan court, or the Michigan court declines to rule on such a motion, this Court will consider vacating the stay.

**IT IS THEREFORE ORDERED** that Non–Party Anton Valukas' Motion to Trans-

---

**2.** In addition, this Court notes that 28 U.S.C. § 1404(a), which governs such transfers of venue, provides only that entire cases may be transferred. Title 28 U.S.C. § 1404(a) stands in contrast to 28 U.S.C. § 1404(b), demonstrating Congress' intent to specifically distinguish transfer authorization for parts of an action (which, under that section, may be made only to a court in the *same* district) from transfers of entire actions.

**3.** The Seventh Circuit declined to correct such an error on mandamus. *Orthopedic Bone*, 79 F.3d at 48. Instead, because the Pennsylvania judge was authorized (due to consolidation of pretrial proceedings in the multidistrict matter) to " 'exercise the powers of a district judge *in any dis-*

*trict* for the purpose of conducting pretrial depositions ....' ", the Wisconsin judges' "transfer orders" were interpreted as "inviting" the Pennsylvania judge to exercise the Wisconsin judges' powers. *Id.* (quoting 28 U.S.C. § 1407(b)). For that reason, the petitions for mandamus were denied.

**4.** The alternative motion to quash component is a separate issue altogether. Though a protective order under Rule 26(c) can be sought/determined in the court where the underlying action is pending, as well as the court from which the subpoena issued, a motion to quash, under Rule 45(c)(3)(A), must be filed and decided in the court from which the subpoena issued.

384

fer to the Western District of Michigan be, and the same hereby is, **DENIED.**

**IT IS FURTHER ORDERED** that Non-Party Anton Valukas' Motion to Quash Subpoena or, in the Alternative, for Protective Order be, and the same hereby is, **STAYED.**