In re SUBPOENAS SERVED ON WIL-
MER, CUTLER & PICKERING AND
GOODWIN PROCTOR LLP

No. 03–087(ESH).

United States District Court,
District of Columbia.

April 4, 2003.

Wayne Allen Schrader, Gibson, Dunn &
Crutcher, LLP, Washington, DC, for Tyco
International, Ltd., Movant.

## MEMORANDUM OPINION AND ORDER

HUVELLE, District Judge.

The two subpoenas before the Court
were issued in connection with the multi-
district litigation ("MDL") against Tyco
currently pending before Chief Judge Paul
Barbadoro in the District of New Hamp-
shire. In that MDL proceeding, over 30
separate actions have been consolidated
into three class actions. *In re Tyco Int'l,
Ltd Securities Litigation*, MDL No. 02–
1335. During the week of February 24,
2003, after Chief Judge Barbadoro ruled
that document discovery should proceed in
two of these class actions, Tyco's former
general counsel Mark Belnick served sub-
poenas on two of Tyco's law firms, Good-
win, Procter LLP and Wilmer, Cutler &
Pickering ("the law firms"), as well as a
Request for Documents on Tyco. In these
subpoenas, Belnick is seeking documents
relating to the firms' representation of
Tyco, which he believes will be relevant in
both the MDL litigation as well as in a
civil suit filed by Tyco against Belnick in
the Southern District of New York. *Tyco v.
Belnick*, Civ. Act. No 02–4644 (S.D.N.Y.
June 12, 2002). The law firms have now
moved to quash the subpoenas.[1]

Ruling on the present motion requires
the Court to confront an apparent conflict
between FED. R. CIV. P. 45, which gov-
erns the issuance and enforcement of sub-
poenas, and 28 U.S.C. § 1407, which gov-
erns multidistrict litigation. Under Rule

---

1. Belnick also served a virtually identical sub-
poena in the Southern District of New York
against another of Tyco's law firms, Boies,
Schiller & Flexner LLP. Boies, Schiller
moved to quash that subpoena on the same
grounds relied upon by the law firms in the
present motion. In an order dated April 3,
2003, Judge Denny Chin referred the motion
to Chief Judge Barbadoro without passing on
the merits. *In re Subpoena Issued to Boies,
Schiller & Flexner LLP*, No. M8–85, 2003 WL
1831426 (S.D.N.Y. April 3, 2003).

45(a)(2), subpoenas such as these, which are for the production and inspection of documents separate from a subpoena commanding the attendance of a person, "shall issue from the court for the district in which the production or inspection is to be made." That district is the District of Columbia, and it was accordingly, from this Court that these subpoenas issued. In turn, Rule 45(c)(3)(A) suggests that the court with the power to quash or modify a subpoena is the "court by which a subpoena was issued." As such, the text of the rule "suggests that only the issuing court has the power to act on its subpoenas," and gives no hint that "any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d 337, 341 (D.C.Cir.1998) (holding that a district court has no authority to transfer a Rule 45(c) motion to the district in which the underlying litigation is pending).[2]

This does not mean, however, that the Court is obliged to rule on the merits of the law firms' motion. For, in contrast to the *Sealed Case*, the motion to quash at issue here relates directly to a set of proceedings that have been consolidated for pretrial purposes by the judicial panel on multidistrict litigation. And under § 1407(b), pretrial proceedings in MDL cases "*shall* be conducted by a judge or judges to whom such actions are assigned." That judge, moreover, "may exercise the powers of a district judge in *any* district for the purpose of conducting pre-trial depositions in such coordinated or consolidated pretrial proceedings." The reason for this is plain: consolidation of pretrial matter allows "one judge to take control of complex proceedings, the better to avoid unnecessary duplication in discovery." *In re Orthopedic Bone Screw Prods. Liability Litigation*, 79 F.3d 46, 48 (7th Cir.1996).

It follows therefore that, with respect to the subpoenas at issue here, Chief Judge Barbadoro has all the powers of a federal district judge in the District of Columbia, including the power to quash. *See United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F.Supp.2d 270, 274–75 (D.D.C.2002) (holding that the grant of authority in § 1407 extends to the enforcement of subpoenas duces tecum, even those not issued pursuant to a deposition notice); *Orthopedic Bone Screw*, 79 F.3d at 48; *In re Disposable Contact Lens Antitrust Litigation*, 1998 WL 219773, at *1 (April 21, 1998); *see also In re Corrugated Container Antitrust Litigation*, 662 F.2d 875, 880–81 (D.C.Cir.1981) ("[T]he multidistrict judge is granted the same powers as a judge of those courts where the depositions are being taken.").

As such, under § 1407, the authority to rule on the instant motion lies with Chief Judge Barbadoro, rather than with this Court. This dissolves the Rule 45 problem highlighted in the *Sealed Case*, because in this context, the court in charge of the

---

**2.** In so holding, the D.C. Circuit rejected the contrary view that had been expressed by a number of other courts. *See In re Digital Equip. Corp.*, 949 F.2d 228 (8th Cir.1991); *Petersen v. Douglas County Bank & Trust Co.*, 940 F.2d 1389, 1391 (10th Cir.1991); *cf. Devlin v. Transp. Communications Int'l Union*, 2000 WL 249286, at *1 (S.D.N.Y. March 6, 2000) ("There is substantial support in the caselaw, among the commentators, and in the Advisory Committee Note to Rule 26(c) of the Federal Rules of Civil Procedure for the proposition that the court from which a subpoena has issued has the authority to transfer any motion to quash or for a protective order to the court in which the action is pending."). In a subsequent case, a district court sided with that authority to reject the D.C. Circuit's text-oriented approach to Rule 45. *See United States v. Star Scientific, Inc.*, 205 F.Supp.2d 482, 485–86 n. 4 (D.Md.2002). Other courts, however, have followed the D.C. Circuit's lead. *See, e.g., In re Application for Order Quashing Deposition Subpoenas dated July 16, 2002*, 2002 WL 1870084, at *6 (S.D.N.Y. Aug. 14, 2002).

 

consolidated proceedings (here, the District of New Hampshire) effectively operates as a "court of the district in which the production or inspection is to be made." Accordingly, it is entirely appropriate for this Court to remit this matter to Chief Judge Barbadoro for resolution. The Court will therefore abstain from ruling on the motion to quash, and will defer to Chief Judge Barbadoro's ultimate decision on the merits. This was the procedure endorsed by the Seventh Circuit in *Orthopedic Bone Screw,* 79 F.3d at 48–49, and is similar to the approach used by Judge Chin with respect to the Boies, Schiller subpoena.[3] Deferring to Chief Judge Barbadoro, who is already familiar with this massive litigation and who has consented to such a remittance, serves the interests of justice, efficiency, and consistency that underlie the MDL rules. And doing so is neither inconsistent with Rule 45 nor the *Sealed Case. See* 141 F.3d at 342–43 ("The rules may well allow ... abstention on a motion to quash, followed by deference to the trial court's decision on a motion for a protective order."). For the reasons, the Court will stay the motion to quash pending resolution of that motion by Chief Judge Barbadoro.

### *ORDER*

For the reasons given in the attached Memorandum Opinion, it is hereby

**ORDERED** that the motion to quash the subpoenas *duces tecum* is remitted to Judge Paul Barbadoro, Chief Judge of the United States District Court for the District of New Hampshire; and it is

**FURTHER ORDERED** that the motion is **STAYED** pending resolution by Chief Judge Barbadoro, and the Clerk's Office is directed to administratively close the above-captioned action.

**IT IS SO ORDERED.**

---

**3.** The same result was achieved in *Pogue* through a different procedural mechanism. There, the court that had issued the subpoenas (the Middle District of Tennessee) held that it lacked jurisdiction to consider a motion to quash in light of pending MDL proceedings in the District of Columbia. This jurisdictional holding was apparently based on the fact that the original action had been filed in Tennessee before being transferred to the MDL forum pursuant to § 1407. The court noted that once such a transfer becomes effective, the transferor court is divested of jurisdiction over the case, "at least in matters pertaining to discovery." *Pogue,* 238 F.Supp.2d at 282 (App.) (quoting *In re Upjohn Co. Antibiotic Cleocin Prods. Liability Litigation,* 664 F.2d 114, 118 (6th Cir.1981)). In the present case, in contrast, no case has been transferred by the MDL panel from this Court to the District of New Hampshire, and neither party has asked the panel to transfer this miscellaneous action. Thus, it is not clear that the jurisdiction-based decision reached by the Tennessee court in *Pogue* is appropriate here.