United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2007

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

————————

m 06-20835
m 06-20836
Summary Calendar

————————

IN RE:

CLIENTS AND FORMER CLIENTS OF BARON & BUDD, P.C.

AND

OCCUPATIONAL MEDICAL RESOURCES, INC.,

Petitioners.

————————

Petitions for Writs of Mandamus to
the United States District Court
for the Southern District of Texas
m H-06-MC-306

————————

Before SMITH, WIENER, and OWEN,
Circuit Judges.

PER CURIAM:

Petitioners are Occupational Medical Re-
sources, Inc. ("OMR"), and individuals whose
records are in OMR's possession. Petitioners
seek a writ of mandamus ordering the district
court to rule on motions to intervene and mo-
tions to quash regarding a subpoena. We deny
the petition.

I.

The respondents are defendants in matters
pending in the Asbestos Multi-District Litiga-

tion Court No. 875 ("MDL 875") in the United States District Court for the Eastern District of Pennsylvania. Pursuant to Federal Rule of Civil Procedure 45, respondents issued a subpoena through the United States District Court for the Southern District of Texas for the production of documents and material from OMR. The individuals moved to intervene, and to quash the subpoena, in the Texas court. OMR also moved to quash in that court; its motion remains unresolved. The Texas court entered the order that is now being challenged; it (1) denied the individuals' motions and (2) directed that "[a]ll future pleadings in this case be filed in MDL 875." Petitioners complain only about the second part of the order.

## II.

Petitioners rely largely on the text of rule 45(c)(3)(A), which states that "the court by which a subpoena was issued shall quash or modify the subpoena . . . ." To the same effect, rule 45(e) states that "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a comtempt of the court from which the subpoena issued." Petitioners claim that by the text of these two provisions, only the Texas court may enforce the subpoena and protect parties from its terms.

Respondents answer that MDL proceedings are to be treated differently. They rely primarily on 28 U.S.C. § 1407(b), dealing with MDL proceedings, which provides that "[t]he judge to whom such [MDL] actions are assigned . . . may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." The question of law that we must decide to evaluate the mandamus petition is whether the authority conferred on the MDL court by § 1407(b)

extends beyond depositions so as to embrace the instant subpoenas.

## III.

Based on the overwhelming weight of authority, we answer in the affirmative. A persuasive analysis is set forth in a leading treatise:

> A motion to quash or modify a subpoena is to be granted by "the court by which a subpoena was issued." If a subpoena is issued by a district court other than the one in which the case is pending . . ., the proper court in which to file a motion to quash or modify the subpoena is the issuing court, not the court in which the action is pending . . . .
>
>     . . .
>
> Certain federal statutes create an exception to the rule that only the issuing court may quash, modify, or enforce a subpoena. For example, the multidistrict litigation (MDL) statute . . . authorizes a judge assigned an MDL action to "exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." [citing § 1407(b)] This statute therefore authorizes the transferee district court to exercise the authority of a district judge in any district: The transferee court may hear and decide motions to compel or motions to quash or modify subpoenas directed to nonparties in any district. Though the statutory language refers to "pretrial depositions," the statute wisely has been interpreted to embrace document production subpoenas as well.

9 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 45.50[4], at 45-75 through

45-77 (Matthew Bender 3d ed. 2006) (footnotes omitted). "In multidistrict litigation, the court in charge of the consolidated proceedings has the power to rule on a motion to quash subpoenas." 9A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459, 2006 Supp., at 19 (West 1995). "The court in charge of consolidated proceedings has power to rule on a motion to quash subpoenas." *Id.* at 19 n.14.2.

This conclusion is supported by the convincing analyses of myriad district courts. *E.g.*, *In re Auto. Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482, 485 n.5 (E.D. Pa. 2005); *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 274-75 (D.D.C. 2002); *In re Subpoenas Served on Wilmer, Cutler & Pickering & Goodwin Proctor LLP*, 255 F. Supp. 2d 1, 1-3 (D.D.C. 2003); *HCA, Inc. v. United States ex rel. Pogue*, 2002 WL 31953748, at *3-*4 (M.D. Tenn. 2002); *In re Subpoena Issued to Boies, Schiller & Flexner LLP*, 2003 WL 1831426, at *1 (S.D.N.Y. 2003). *Contra Visx, Inc. v. Nidek Co.*, 208 F.R.D. 615, 616 (C.D. Cal. 2002).

The petition for writ of mandamus is DENIED.