United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2007**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

———————

m 06-20835
m 06-20836

———————

IN RE:

CLIENTS AND FORMER CLIENTS OF BARON & BUDD, P.C.

AND

OCCUPATIONAL MEDICAL RESOURCES, INC.,

Petitioners.

———————————

Petitions for Writs of Mandamus to
the United States District Court
for the Southern District of Texas

———————————

On Petition for Rehearing
and Rehearing En Banc

Opinion February 8, 2007,
2007 U.S. App. LEXIS 2930

Before SMITH, WIENER, and OWEN,
    Circuit Judges.

PER CURIAM:

   The petition for rehearing is DENIED, and no member of this panel or judge in regular active service having requested that the court be polled on rehearing en banc, the petition for rehearing en banc is DENIED.

PRISCILLA R. OWEN, Circuit Judge, dissenting from the denial of panel rehearing:

After considering the relators' petitions for rehearing and more carefully examining the provisions of 28 U.S.C. § 1407, I am compelled to conclude that § 1407 does not authorize the court presiding over multidistrict litigation in the Eastern District of Pennsylvania to quash the subpoena issued by a district court in the Southern District of Texas. Accordingly, I conclude that the District Court for the Southern District of Texas abused its discretion in dismissing the motion to quash the subpoena as moot, in dismissing the motion to intervene as moot, and in entering a blanket order directing that all future pleadings should be filed in multidistrict litigation pending in the Eastern District of Pennsylvania. While § 1407 confers broad powers upon a transferee court in multidistrict litigation to conduct pretrial proceedings, it does not confer the power to issue, enforce, or quash a subpoena for the production of documents that is unrelated to a deposition and is directed to a party who is not subject to the subpoena power of the multidistrict litigation court. While I agree that it might be "wise" to treat document subpoenas in the same manner as depositions, Congress has not done so, and we are constrained by the limits of § 1407.

## I

Defendants in multidistrict litigation pending in the Eastern District of Pennsylvania served Occupational Medical Resources, Inc. (OMR) with a subpoena issued from the Southern District of Texas seeking the production of documents. OMR is not a party to the multidistrict litigation and has not been noticed for a deposition, nor has an OMR witness been subpoenaed for deposition. OMR provides x-ray services, and the subpoena sought OMR's records regarding numerous individuals who are not parties to the multidistrict

litigation. OMR filed a motion to quash this subpoena with the district court that issued it, and many of the individuals whose records are at issue sought leave to intervene and to quash the subpoena, arguing that their personal information was not properly the subject of discovery.

The district court denied all relief. It entered an order directing: "All future pleadings in this case should be filed in MDL 875 [the multidistrict litigation in the Eastern District of Pennsylvania]." The court denied OMR's and its clients' motions to quash as moot and similarly denied the motion to intervene as moot. OMR and the other relators have asked this court to issue a writ of mandamus directing the district court to withdraw these orders and address the merits of the motions.

## II

Section 1407 provides that when civil actions are transferred to a district by the judicial panel on multidistrict litigation, the purpose of the transfer is "for coordinated or consolidated pretrial proceedings" and to "promote the just and efficient conduct of such actions."[1] Undoubtedly, Congress intended that a judge who presides over multidistrict litigation is to have broad power to conduct pretrial proceedings:

> (a) When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action

---

[1] 28 U.S.C. § 1407(a) (2000).

so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: Provided, however, That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.

(b) Such coordinated or consolidated pretrial proceedings shall be conducted by a judge or judges to whom such actions are assigned by the judicial panel on multidistrict litigation. For this purpose, upon request of the panel, a circuit judge or a district judge may be designated and assigned temporarily for service in the transferee district by the Chief Justice of the United States or the chief judge of the circuit, as may be required, in accordance with the provisions of chapter 13 of this title. With the consent of the transferee district court, such actions may be assigned by the panel to a judge or judges of such district. The judge or judges to whom such actions are assigned, the members of the judicial panel on multidistrict litigation, and other circuit and district judges designated when needed by the panel may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings.[2]

The term "pretrial proceedings" in § 1407(a) encompasses a broad range of pretrial matters, including most discovery issues,[3] and extends to dispositive motions.[4] However, Congress apparently did not think that it had granted a transferee district the power to issue subpoenas to non-parties who were not subject to that district's jurisdiction, or else it would

---

[2]*Id. See generally In re The Upjohn Co. Antibiotic Cleocin Prods. Liab. Litig.*, 664 F.2d 114 (6th Cir. 1981) (discussing power of judge presiding over multidistrict litigation).

[3]*See, e.g.*, *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1230 (9th Cir. 2006) (observing that § 1407 "was meant to 'assure uniform and expeditious treatment in the pretrial procedures in multidistrict litigation'" and that "[w]ithout it, 'conflicting pretrial discovery demands for documents and witnesses' might 'disrupt the functions of the Federal courts' as they nearly had in the electrical equipment company cases.") (quoting H.R.Rep. No. 1130, 90th Cong., 2d Sess. 1 (1968), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1899).

[4]*Id.* at 1231-32 (holding that the transferee court had authority to dismiss claims for failure to comply with case management orders); *In re Temporomandibular Joint (TMJ) Implants Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996); *In re Donald J. Trump Casino Sec. Litig.–Taj Mahal Litig.*, 7 F.3d 357, 367-68 (3d Cir. 1993); *Humphreys v. Tann*, 487 F.2d 666, 668 (6th Cir. 1973).

not have included the following sentence in § 1407(b):

> The judge or judges to whom such actions are assigned, the members of the judicial panel on multidistrict litigation, and other circuit and district judges designated when needed by the panel may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings.[5]

This sentence seems to recognize that consolidating actions from multiple districts into one district for pretrial purposes does not extend the transferee court's jurisdiction over non-parties. A transferee court cannot subpoena non-parties who are not subject to the transferee court's jurisdiction. If it could, the foregoing provision would be entirely unnecessary.

The provision in § 1407(b) was apparently deemed essential to permit a transferee judge to act within another district with regard to presiding over depositions, and even then, to act not as a judge in the multidistrict litigation transferee district, but as a judge in the district in which the witness was subject to jurisdiction. For the purpose of conducting pretrial depositions in a district other than the transferee district, the judges enumerated in § 1407(b) may act as district judges sitting in any district, as distinguished from transferee judges acting in the transferee district. This structure seems purposeful and deliberate. It indicates the intent to correspond with and complement, rather than disembowel, the Federal Rules of Civil Procedure regarding subpoenas of non-parties. Accordingly, a multidistrict litigation transferee judge may preside over the taking of depositions in a district other than the transferee district. But in this limited circumstance, the transferee judge will be acting as a

---

[5]28 U.S.C. § 1407(b) (2000).

member of the non-transferee district rather than a member of the transferee district.[6]

This court has so construed § 1407(b) on at least two occasions.[7] In *In re Corrugated Container Antitrust Litigation*, multidistrict litigation was pending in Texas, and a district court in the Southern District of New York issued a subpoena requiring a witness to appear for a deposition. After the witness refused to answer certain questions, the presiding judge of the multidistrict litigation held the witness in contempt. This court concluded that § 1407 "enabled Judge Singleton to preside over Fleischaker's deposition in New York," and that "[i]n ordering Fleischaker to respond and in holding him in contempt, Judge Singleton was exercising the powers of a district judge of the District Court for the Southern District of New York."[8] This court continued, "As the legislative history of section 1407 indicates, his actions were limited by the ordinary operation of the Rules of Civil Procedure."[9] In a similar dispute the following year, this court held, "[W]hen Judge Singleton entered his order of

---

[6]*See In re Corrugated Container Antitrust Litig.*, 662 F.2d 875, 880-81 (D.C. Cir. 1981); *In re Corrugated Container Antitrust Litig.*, 647 F.2d 460, 461 (5th Cir. Unit A May 1981) (holding that when the transferee judge from the Southern District of Texas entered an order of contempt for a non-party witness's failure to answer deposition questions, the transferee judge "was acting as a district judge sitting in the District of Columbia," where the witness was located and was deposed); *In re Corrugated Container Antitrust Litig.*, 620 F.2d 1086, 1090-91 (5th Cir. 1980) (holding that "the only court that had the power to compel . . . a non-party deponent[] to answer questions at a deposition conducted in the Southern District of New York was the district court sitting in that district" and that transferee judge from the Southern District of Texas was acting as a district judge for the Southern District of New York in presiding over the deposition).

[7]*In re Corrugated Container Antitrust Litig.*, 647 F.3d at 461; *In re Corrugated Container Antitrust Litig.*, 620 F.2d at 1091.

[8]620 F.2d at 1091.

[9]*Id.*

contempt, he was acting as a district judge sitting in the District of Columbia."[10] While rulings of a multidistrict litigation court are reviewed by the circuit for the district to which the multidistrict litigation was transferred, rulings by a multidistrict judge sitting as a judge of another district when presiding over depositions are reviewed by the circuit for the district in which the subpoena issued.[11]

The District of Columbia Circuit has also explained the interplay between what it characterized as different grants of authority within § 1407:

> Section 1407, which established special procedures allowing the transfer of pretrial proceedings in multidistrict litigation, contains two kinds of authority. One is for the transfer of pending causes of action from one district to another district for pretrial purposes only. 28 U.S.C. § 1407(a). The judge who is assigned to preside over the transferred action exercises his authority as a member of the district court to which the action has been transferred. Congress believed that the possibility for conflict and duplication in discovery and other pretrial procedures in related cases (could) be avoided or minimized by . . . centralized management. To accomplish this objection the (statute) provides for the transfer of venue of an action for the limited purpose of conducting coordinated pretrial proceedings.

> * * *

> The second grant of authority in section 1407 is of a different sort. It grants to the judges who have been assigned multidistrict litigation the powers of a district judge in other districts in order to supervise depositions being conducted in those other districts. 28 U.S.C. § 1407(b) . . . . The deposition proceedings remain anchored in the courts of the districts where they are being conducted, but because of the obvious policy reasons for allowing a single judge to preside over the disparate activity in a multidistrict case, . . . the multidistrict judge is granted the same powers as a judge of

---

[10]*In re Corrugated Container Antitrust Litig.*, 647 F.3d at 461.

[11]*In re Corrugated Container Antitrust Litig.*, 662 F.2d at 880-81; *In re Corrugated Container Antitrust Litig.*, 647 F.3d at 461; *In re Corrugated Container Antitrust Litig.*, 620 F.2d at 1090.

those courts where the depositions are being taken.[12]

That circuit court noted, "It seems eminently reasonable that the rules governing deposed non-party witnesses should be determined by the jurisdiction in which they may be deposed rather than by a distant place in which the multidistrict litigation is pending."[13] That court also observed that the district in which the multidistrict litigation was pending, the Southern District of Texas, did not have jurisdiction over the non-party witness, who resided in the vicinity of the District of Columbia, and that "a subpoena could only have issued in or near the District of Columbia and only a judge in the district where the deposition is taken, not where the litigation is pending, could hold appellant in contempt."[14]

Notably, the provision in § 1407(b) authorizing a multidistrict litigation judge to exercise power as another district judge in any district is limited to depositions. This provision does not give the same authority with regard to document subpoenas that are unrelated to any deposition. We cannot assume such an omission is an oversight or an error on the part of Congress. Congress is presumed to know the difference between depositions and subpoenas seeking the production of documents, and that the Rules of Civil Procedure separately delineate the attributes of each.[15]

The upshot is that the judge presiding over the multidistrict litigation in Pennsylvania or

---

[12]*In re Corrugated Container Antitrust Litig.*, 662 F.2d at 880-81 (citations omitted, alterations in original).

[13]*Id.* at 881 n.11.

[14]*Id.* at 882.

[15]*See* FED. R. CIV. P. 45.

another judge designated under § 1407(b) could act as a judge in the Southern District of Texas and rule on the subpoena issued to OMR if that subpoena related to a deposition. But the subpoena does not pertain in any manner to a deposition. Therefore, the only judges who may resolve the issues raised are those within the Southern District of Texas. Rule of Civil Procedure 45 provides, "On timely motion, *the court by which a subpoena was issued* shall quash or modify the subpoena"[16] and, "Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt *of the court from which the subpoena issued*."[17]

Because I cannot ignore the language chosen in § 1407 or engraft additional language, I must respectfully dissent.

---

[16]FED. R. CIV. P. 45(c)(3)(A) (emphasis added).

[17]FED. R. CIV. P. 45(e) (emphasis added).