United States Court of Appeals
Fifth Circuit

**F I L E D**

July 13, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

))))))))))))))))))))))))))))

No. 06-20846
Consolidated With
No. 06-20851
Summary Calendar

)))))))))))))))))))))))))))

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

CERTAIN DEFENDANTS REPRESENTED BY FORMAN PERRY WATKINS KRUTZ
& TARDY LLP

Defendants-Appellees

v.

CLIENTS & FORMER CLIENTS OF BARON & BUDD P C

Movants-Appellants

---

Appeals from the United States District Court
for the Southern District of Texas
4:06-MC-306

---

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Movants-Appellants ("Movants") appeal the district court's order denying their motions to intervene and to quash subpoenas and ordering that all future filings be made in Multi-District Litigation Court No. 875 ("MDL 875"). Because a previous panel

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

of this court ruled that the district court properly ordered that all future filings be made in MDL 875, we DISMISS this appeal as moot.

Defendants-Appellees ("Defendants") in this matter are various defendants in MDL 875, which is a consolidation of asbestos proceedings in the United States District Court for the Eastern District of Pennsylvania. As part of that litigation, Defendants sought to obtain medical records and test results from two third-party entities in Houston, Texas. To that end, Defendants issued subpoenas to the two third parties through the United States District Court for the Southern District of Texas pursuant to Rule 45 of the Federal Rules of Civil Procedure. Movants' medical records were held by those third parties and contained private information that Movants did not want revealed. In an effort to stop the release of their confidential information, Movants filed, in the Southern District of Texas, a motion to intervene and a motion to quash the subpoenas.

The district court ruled on the motions on September 20, 2006. In a short order, the district court (1) denied the motion to intervene; (2) denied the motion to quash as moot; and (3) ordered that all future pleadings in the case be filed in MDL 875. Movants then filed a petition for writ of mandamus with this court regarding the portion of the district court's order that required future pleadings to be filed in MDL 875. In their petition, Movants asked this court to order the district court to

2

rule on the motions to intervene and quash. Movants also filed the instant appeal complaining of the entirety of the district court's order.

While this appeal was being briefed, the panel of this court assigned to Movants' petition for writ of mandamus issued its decision. In re: Clients & Former Clients of Baron & Budd, P.C., 478 F.3d 670 (5th Cir. 2007) (per curiam), petition for cert. filed, 75 U.S.L.W. 3598 (U.S. Apr. 27, 2007) (No. 06-1437). The court denied Movants' petition and held that "[i]n multidistrict litigation, the court in charge of the consolidated proceedings has the power to rule on a motion to quash subpoenas." Id. at 671 (internal quotation marks and citations omitted). Defendants now argue that this decision means the current appeal is moot. We agree.

Absent an intervening Supreme Court or en banc decision, we cannot overrule the decision of a prior panel of this court. Foster v. Quarterman, 466 F.3d 359, 367-68 (5th Cir. 2006), cert. denied, 127 S. Ct. 2099 (2007). Therefore, the prior panel's holding that, as a matter of law, MDL 875 has the authority to rule on the motions to intervene and quash in this case is binding on us. As a result, even if we were to reverse and remand the district court's decision on Movants' motions to intervene and to quash, the district court could take no action, given that MDL 875 is the appropriate forum for Movants' motions. Consequently, Movants' appeal that the district court in the

3

Southern District of Texas improperly denied Movants' motions to intervene and to quash is moot, and we DISMISS Movants' appeal.

DISMISSED as moot.