# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2011

Lyle W. Cayce
Clerk

No. 10-10142

KATHLEEN ANSLEY; JERRY ANSLEY,

Plaintiffs - Appellees

v.

HEALTHMARKETS INC.; MID-WEST NATIONAL LIFE INSURANCE COMPANY OF TENNESSEE; TERRY DAVID HAMILTON; THE ALLIANCE FOR AFFORDABLE SERVICES INC.; SPECIALIZED ASSOCIATION OF SERVICES LTD.,

Defendants - Appellants

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-1432

Before JONES, Chief Judge, BENAVIDES, Circuit Judge, and AYCOCK, District Judge.[*]

PER CURIAM:[**]

This action was filed in North Carolina state court and removed to the Eastern District of North Carolina. The Judicial Panel on Multidistrict Litigation (JPML) transferred the action to the Northern District of Texas for

---

[*] District Judge, Northern District of Mississippi, sitting by designation.

[**] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 10-10142

consolidation and coordination with several related cases.  After all the related cases were resolved, the district court remanded the action to North Carolina state court because there was no longer any "need for coordinated and consolidated pretrial proceedings." We must determine whether the lack of need for coordinated and consolidated proceedings was a permissible basis for remand.  We conclude it was not, and we therefore reverse the district court's remand order and reinstate this action in the district court for further proceedings.

## I. BACKGROUND

In September 2001, plaintiff Kathleen Ansley purchased an individual health insurance policy from defendant Terry David Hamilton.  Hamilton allegedly was acting as both an agent for defendant Mid-West National Life Insurance Company of Tennessee (Mid-West) and a field representative for defendant The Alliance for Affordable Services, Inc. (Alliance).[1]  In 2003, plaintiff Jerry Ansley was added as an insured to the policy.  The Ansleys and Hamilton are residents of North Carolina.[2]

Mr. Ansley fell ill in fall 2004.  He was hospitalized on several occasions and  accumulated over $1 million in medical bills.  After Mid-West paid only a fraction of the bills, the Ansleys brought this action in North Carolina state court on February 4, 2008.  The Ansleys allege Hamilton made false statements and

---

[1] Mid-West and Alliance, as well as defendant Specialized Association of Services, Ltd. (SAS), are alleged to be alter egos of defendant HealthMarkets, Inc.  SAS also is alleged to be an alter ego of Alliance.

[2] Mid-West, Alliance, SAS, and HealthMarkets all were incorporated outside North Carolina and have their principal places of business outside North Carolina.

No. 10-10142

concealed material facts with respect to the coverage provided by their insurance policy. The Ansleys' amended complaint asserts claims for common law fraud and violations of North Carolina's unfair trade practices statute, N.C. GEN. STAT. § 58-63-15.

On March 4, 2008, Mid-West removed this action to the Eastern District of North Carolina. Although Hamilton is a resident of North Carolina, Mid-West invoked the district court's diversity jurisdiction on the ground that Hamilton is not a proper party. Specifically, Mid-West asserts that the Ansleys' claims against Hamilton are time-barred and were released by a certain class action settlement. On April 3, 2008, the Ansleys moved to remand for lack of removal jurisdiction. The Ansleys assert that their claims against Hamilton are timely under North Carolina's discovery rule, and are not among the claims released by the relevant class action settlement. Thus, according to the Ansleys, Hamilton is a properly named, non-diverse party whose presence in the litigation defeats federal diversity and removal jurisdiction.

Before the North Carolina district court ruled on the Ansleys' motion to remand, this action was transferred by the JPML to the Northern District of Texas. The action was consolidated for coordinated pretrial proceedings with a number of other cases "involving allegations that the defendants engaged in a scheme to sell so-called association-group insurance by, *inter alia*, fraudulently concealing relationships between certain insurance companies and two purported not-for-profit associations and making fraudulent misrepresentations in connection with the marketing of memberships in the associations." The JPML noted the Ansleys could "present their motion to remand to state court to the transferee court."

3

No. 10-10142

After this action was transferred to the Northen District of Texas, HealthMarkets and SAS moved to dismiss for lack of personal jurisdiction, and the Ansleys renewed their motion to remand for lack of subject matter jurisdiction. Meanwhile, all the other cases in the consolidated litigation were resolved.

On September 30, 2009, the district court transferred the Ansleys' action back to the Eastern District of North Carolina, stating only that there was no longer any "need for coordinated and consolidated pretrial proceedings." The docket entry for the September order is linked to the Ansleys' motion to remand. On January 13, 2010, the district court sua sponte vacated its September order, and issued a new order remanding the Ansleys' action to North Carolina state court. The January order is substantively identical to the September order, again stating that there was no longer any "need for coordinated and consolidated pretrial proceedings." The docket entry for the January order is not linked to the Ansleys' motion to remand.

The defendants appealed only the district court's January 2010 remand order. The defendants ask this Court to reinstate the action in the Northern District of Texas.

## II. STANDARDS

Whether a district court has discretion to remand a case to state court is a legal question we review de novo. *Adair v. Lease Partners, Inc.*, 587 F.3d 238, 240 (5th Cir. 2009). If a district court has discretion to remand, we review its decision for abuse of discretion. *Id.*

4

No. 10-10142

## III. DISCUSSION

We begin by inquiring into our own appellate jurisdiction. After concluding we have jurisdiction over this appeal, we next hold the district court had no discretion to remand this action to state court on the ground that there was no longer any need for coordinated and consolidated proceedings in federal court. Accordingly, we reverse the district court's remand order and reinstate this action in the district court for further proceedings.

### A.   Appellate jurisdiction

Federal subject matter jurisdiction is limited and must be conferred by Congress within the bounds of the Constitution. U.S. CONST. art. III, § 2; *Cary v. Curtis*, 44 U.S. 236, 245 (1845); *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 176, 179 (1803). Litigants cannot bestow subject matter jurisdiction on federal courts by waiver or consent. *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). We are obligated to examine our subject matter jurisdiction, sua sponte if necessary. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). We have jurisdiction to determine our own jurisdiction. *United States v. Mine Workers of Am.*, 330 U.S. 258, 291 (1947); *United States v. Shipp*, 203 U.S. 563, 573 (1906).

By federal statute, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d). The Supreme Court has consistently limited § 1447(d), however, to remand orders "based on a ground specified in § 1447(c)." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1865-66 (2009). Section 1447(c) specifies that a case may be remanded for lack of subject matter jurisdiction or a defect in removal procedure. 28 U.S.C. § 1447(c). Thus, § 1447(d) prohibits appellate

5

No. 10-10142

review only of remand orders based on lack of subject matter jurisdiction or a defect in removal procedure. *See, e.g.*, *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995); *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 283 (5th Cir. 2004). A remand order that is clearly and affirmatively based on some other, non-§ 1447(c) ground is a final decision appealable under 28 U.S.C. § 1291. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 715 (1996); *Regan v. Starcraft Marine, LLC*, 524 F.3d 627, 631 (5th Cir. 2008); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). The Supreme Court has held that § 1447(d) does not prohibit review of a remand order that is based on a crowded federal docket. *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976), *disavowed on other grounds by Quackenbush*, 517 U.S at 714-15.[3]

In determining the specific basis for a remand order, the Supreme Court has assumed appellate courts may "look behind the district court's characterization" of the order. *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 233 (2007). We typically look only at the face of the remand order. *See Heaton v. Monogram Credit Card Bank of Ga.*, 231 F.3d 994, 998-99 (5th Cir. 2000). In any event, our inquiry is "limited to confirming that [the district court's] characterization was colorable." *Powerex*, 551 U.S. at 234. This is because "[l]engthy appellate disputes about whether an arguable jurisdictional ground invoked by the district court was properly such would frustrate the purpose of § 1447(d)." *Id.* Thus, if "the District Court relied upon a ground that

---

[3] *Quackenbush* disavowed the statement in *Thermtron* that "an order remanding a removed action does not represent a final judgment reviewable by appeal." *Quackenbush*, 517 U.S. at 715.

is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)." *Id.* Indeed, if lack of subject matter jurisdiction is the only "*plausible* explanation" of an ambiguous remand order, the order is not reviewable. *Id.* at 233. Moreover, a remand order based on lack of subject matter jurisdiction is not reviewable even if it contains "surplusage" providing other grounds for remand. *Bogle*, 24 F.3d at 762; *see also Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1028 (5th Cir. 1991).

On its face, the district court's January 2010 remand order does not cite 28 U.S.C. § 1447(c). Nor does the order, in substance, purport to address the district court's subject matter jurisdiction. Instead, the order clearly and affirmatively states remand was appropriate because there was no longer any "need for coordinated and consolidated pretrial proceedings" in federal court. There is no dispute the lack of need for coordinated and consolidated proceedings in federal court is a reviewable, non-§ 1447(c) basis for remand.

It is true the docket entry for the district court's September 2009 order is linked to the Ansleys' motion to remand, and the Ansleys' motion to remand asserts the district court lacks removal jurisdiction. This does not plausibly indicate, however, that the district court's January 2010 remand order was based on lack of removal jurisdiction. First, if the September order itself were based on lack of removal jurisdiction, it would have made no sense for the district court to attempt to transfer this action back to the Eastern District of North Carolina. In other words, the district court's attempt to transfer this action to another federal court belies any indication that the order was based on a lack of federal jurisdiction. Second, even if the link to the Ansleys' motion to remand in the docket entry for the September order did indicate a jurisdictional

7

ruling, a similar link was *not* included in the docket entry for the January order. Thus, the docket entry for the January order indicates that the district court acted sua sponte and not in response to the Ansleys' motion to remand. Because there is no plausible indication that the district court remanded this action to state court for lack of subject matter jurisdiction or a defect in removal procedure, § 1447(d) does not defeat our appellate jurisdiction under 28 U.S.C. § 1291.

## B.   The district court's remand order

Having found jurisdiction over this appeal, we now consider whether the district court had discretion to remand this action to state court on the ground that there was no longer any need for coordinated and consolidated proceedings in federal court. We conclude it did not.

Except in limited circumstances not presented here,[4] a district court does not have discretion to remand a case to state court unless authorized by statute. *See Thermtron*, 423 U.S. at 345; *IMFC Prof'l Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 159-60 (5th Cir. 1982). This is because federal courts have a "strict duty to exercise the jurisdiction that is conferred upon them by Congress," *Quackenbush*, 517 U.S. at 716, and district courts may not nullify "the removal statutes by remand orders resting on grounds having no warrant in the law." *Thermtron*, 423 U.S. at 353.

There is no statutory authority for remanding a diversity case to state court based on a lack of need for coordinated and consolidated proceedings in federal court. Indeed, the district court's rationale is quite similar to the "heavy

---

[4]   *See, e.g.*, *Quackenbush*, 517 U.S. at 719 (permitting abstention-based remands in certain circumstances); *Schexnayder*, 394 F.3d at 283 (identifying potential bases for discretionary remands).

docket" rationale rejected in *Thermtron*.  423 U.S. at 344.  In *Thermtron*, the Supreme Court stated that "the right to remove has never been dependent on the state of the federal court's docket," and a "properly removed action may no more be remanded because the district court considers itself too busy to try it than an action properly filed in the federal court in the first instance may be dismissed or referred to state courts for such reason." *Id.*  Here, as in *Thermtron*, the "need" for litigation in federal court is not a permissible basis for remand.  The Ansleys do not contend otherwise.

Because the district court did not identify a valid basis for remanding this action to state court, the action must be reinstated in the district court for further proceedings.  The district court has a few options.  First, the district court may resolve the Ansleys' motion to remand.  If the district court determines it lacks removal jurisdiction, this action should be remanded to the North Carolina state court from which it was removed.  28 U.S.C. § 1447(c); *see also In re Clients & Former Clients of Baron & Budd, P.C.*, 482 F.3d 835, 837 (5th Cir. 2007) (observing that MDL transferee court has authority to resolve dispositive motions); FED. R. J.P.M.L. 7.6(a) (providing that transferee district court may dismiss terminated actions).  Second, the district court may exercise its discretion to resolve the defendants' motions to dismiss for lack of personal jurisdiction, at least to the extent those motions "present[] no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999); *see also Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 213 (5th Cir. 2000).  Third, either the parties or the district court may ask the JPML to send this action back to the Eastern District of North Carolina.  *See* 28 U.S.C.

§ 1407(a) ("Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated . . . ."); FED. R. J.P.M.L. 7.6(c)(i)-(ii) (providing that JPML shall consider remand of transferred action upon motion of any party or suggestion of transferee district court). We find no basis for requiring the district court to begin with any one of these options.

As a final matter, although we could turn to the merits of the Ansleys' motion to remand, *see, e.g.*, *Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 378 (5th Cir. 2010) ("We may affirm on any grounds supported by the record."), we decline to do so. The parties have neither requested merits review nor briefed the relevant issues. *See, e.g.*, *Bogy v. Ford Motor Co.*, 538 F.3d 352, 355 (5th Cir. 2008) ("Although we have the authority to consider grounds presented to but not ruled upon by the district court, we decline to do so because the plaintiffs did not address the various other grounds in their briefing, and we think the better course is for the district court to address those issues in the first instance."); *Betzel v. State Farm Lloyds*, 480 F.3d 704, 709 (5th Cir. 2007) (declining to consider in first instance question of state law that was not fully briefed by parties).

## IV. CONCLUSION

For the reasons stated, we reverse the district court's remand order and reinstate this action in the district court for further proceedings.